[No. 45839-6-I.   Division One.   February 12, 2001.]

J.H. BAXTER & COMPANY, *Appellant*, v. CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA, ET AL., *Respondents*.

*Daniel A. Zariski*; and *John M. Geyman* (of *Heller Ehrman White & McAuliffe*), for appellant.

*Michael R. O'Clair*; *Gilbert E. Mullen*; *Mary R. DeYoung* (of *Reed McClure*); *Kenneth J. Cusack* (of *Cusack & Knowles*); *Margaret E. Wetherald* (of *Keller Rohrback, L.L.P.*); *Patrick M. Paulich* and *Mark N. Thorsrud* (of *Thorsrud Cane & Paulich, Inc., P.S.*); *Matthew T. Boyle* and *Catherine E. Doudnikoff* (of *Mitchell, Lang & Smith*); *Thomas D. Adams* (of *Bullivant Houser Bailey*); *Tyna L. Ek* (of *Merrick Hofstedt & Lindsey*); *Scott C. Wakefield* (of *Todd & Wakefield*); *Robert L. Israel* and *Linda B. Clapham* (of *Lane Powell Spears Lubersky, L.L.P.*); and *Steven Soha* (of *Soha*

*& Lang, P.S.) (Bryan M. Barber* of *Larson King L.L.P.* and *Donald T. McMillan* of *Rivkin, Radler & Kremer*, of counsel), for respondents.

BECKER, A.C.J. — The question in this case is whether the trial court properly dismissed an insurance coverage lawsuit on the basis that California is a more convenient forum than Washington. The coverage demanded is for environmental liabilities incurred at wood treatment facilities located in Washington, Oregon, Wyoming and California. The greatest exposure for the insurers is from a facility located in California, and California is also where the insured has its headquarters. These facts supply a tenable basis for the court's discretionary decision to alter the plaintiff's choice of forum, and we affirm the order of dismissal.

J.H. Baxter, a wood preserving company, has its headquarters in San Mateo County, California. Numerous insurance companies issued general liability insurance policies to Baxter between the years 1947 and 1987. On August 19, 1999, Baxter notified all of them of claims for environmental damage at seven wood treatment plants located in four western states. Three of the contaminated sites are fairly near each other in Western Washington: Kent and Renton (both in King County) and Arlington (Snohomish County). Two sites are in Oregon, at Eugene and The Dalles. One is in Laramie, Wyoming, and the other is in Weed, California.

The day after notifying the insurers, Baxter filed a declaratory judgment action in King County seeking a declaration of insurance coverage for the claims. Shortly thereafter, one of the insurers filed a virtually identical declaratory judgment action in San Mateo County, California. The California suit differs only in that it includes two more sites in California, and joins one more insurer as a party.

Several of the insurers moved to dismiss the King County action in favor of the California action on the grounds of forum non conveniens. On December 17, 1999, the trial court granted the motion. Baxter appeals.

The insurers have moved to dismiss the appeal as barred by the doctrine of collateral estoppel. After Baxter filed this appeal, the California court denied Baxter's motions to stay or dismiss the California action, and a Snohomish County court dismissed a case brought there by Baxter to obtain coverage for the three Washington sites. The insurers contend that Baxter, in order to maintain the right to pursue the present appeal, had to also appeal these later rulings by the other trial courts. Because Baxter did not do so, the insurers contend, the later rulings became final judgments on the issue of forum non conveniens that preclude the King County decision from being heard any further.

■ The *Restatement of Judgments* provides authority for the proposition that an unappealed trial court decision in a later-filed action can collaterally estop the losing party in the first-filed action from obtaining appellate review of the trial court decision in that initial action.

> Effect on pending action. If two actions which involve the same issue are pending between the same parties, it is the first final judgment rendered in one of the actions which becomes conclusive in the other action, regardless of which action was brought first.

RESTATEMENT (SECOND) OF JUDGMENTS § 27 cmt. 1 (1980).

Under this rule, the California rulings or the Snohomish County ruling could preclude our review of the King County decision if they "involve the same issue." But here the insurers' argument runs into a problem. The issue in this appeal is forum non conveniens. In the Snohomish and California proceedings, the insurers offered various grounds for ruling against Baxter. One of their primary arguments was that the courts should give collateral estop-

pel effect to the King County trial court decision. Since we do not know whether the California and Snohomish County courts ruled against Baxter solely on the basis of collateral estoppel, or whether they instead ruled dispositively on the merits of the forum non conveniens issue, we do not know that the rulings involved the same issue as this appeal.

The interest in providing Baxter with a considered decision on the merits of the forum non conveniens argument includes the interest in having that decision reviewed on appeal. This interest, we conclude, outweighs the burden to the insurers of defending the first forum decision through the course of an appeal. We deny the motion to dismiss and proceed to the merits.

■■■ Under the doctrine of forum non conveniens, courts have the discretionary power to decline jurisdiction when the convenience of the parties and the ends of justice would be better served if the action were brought in another forum. *Johnson v. Spider Staging Corp.*, 87 Wn.2d 577, 579, 555 P.2d 997 (1976). The standard of review for a dismissal on grounds of forum non conveniens is abuse of discretion. *Myers v. Boeing Co.*, 115 Wn.2d 123, 128, 794 P.2d 1272 (1990). When a decision or order of the trial court is a matter of discretion, it will not be disturbed on review unless the trial court's decision is manifestly unfair, unreasonable, or untenable. *Myers*, 115 Wn.2d at 128.

In exercising its discretion, a trial court begins with the principle that a plaintiff's choice of forum should rarely be disturbed. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507-08, 67 S. Ct. 839, 91 L. Ed. 1055 (1947). The reason for the presumption in favor of the plaintiff's choice of forum is so that lawsuits can get underway without immediately floundering in argument about whether some other location would be preferable. Nevertheless, a court may resist a plaintiff's imposition on its jurisdiction when the balance of interests favors a different forum. The doctrine of forum non conveniens supplies a number of private and public interest factors for the court to weigh.

The private interest factors include: the relative ease of

access to sources of proof; availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. *Myers*, 115 Wn.2d at 128.

The public interest factors include, among other matters, the desirability of having controversies decided in the locale where people are most affected by it:

"Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial . . . in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself."

*Myers*, 115 Wn.2d at 129 (quoting *Gulf Oil*, 330 U.S. at 508-09).

While the factors to be considered in a forum non conveniens analysis remain constant, "the balance and result are fact specific." *Myers*, 115 Wn.2d at 131 (noting that in *Gulf Oil*, the Supreme Court "expressly declined to set out categories of fact patterns mandating a specific result," but instead listed a number of factors to be considered and weighed in the discretion of the trial court). Each case turns on its facts. "If central emphasis were placed on any one factor, the *forum non conveniens* doctrine would lose much of the very flexibility that makes it so valuable." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249-50, 102 S. Ct. 252, 70 L. Ed. 2d 419 (1981).

Baxter argues that the insurers did not overcome the

presumption in favor of the plaintiff's choice of forum because the forum non conveniens factors do not strongly favor the California forum. Baxter relies on *Johnson v. Spider Staging*, a 1976 case that appears to be the only published Washington case reversing a trial court's dismissal of an action based on forum non conveniens. The subject matter of *Spider Staging* was a scaffold manufactured in Washington State and used in Kansas. The Kansas plaintiff sued the manufacturer for wrongful death on behalf of a family member who fell from the scaffold, allegedly because of its defective design. The King County Court dismissed the plaintiff's suit on the basis that Kansas would be a more convenient forum. The Washington Supreme Court reversed, upon concluding that the factors did not "strongly favor" the Kansas forum so as to justify rejecting the Kansas plaintiff's decision to sue here:

> all of the evidence which pertains to the manufacturing and marketing of the scaffold is in Washington State. Respondents are Washington corporations, and all of their principal officers reside in King County. Both of the engineers who designed the scaffold live in King County. The two principal witnesses from Kansas stated in affidavits that they willingly would appear in Washington. Also, appellant will bring the scaffold to Washington and give respondents an opportunity to examine it. The trial court therefore should not have disturbed appellant's choice of forum.

*Spider Staging*, 87 Wn.2d at 580.

*Spider Staging* does not compel acceptance of the plaintiff's choice of forum in this case because the facts are significantly different. The defendants in that case were Washington corporations, the bulk of the evidence pertinent to the case was located in Washington, and the two key witnesses in Kansas agreed to appear willingly in Washington. Here, Baxter's headquarters is in San Mateo County, and its executive officers live there. And the record indicates that the issues surrounding the contamination of the Weed facility will dominate the case.

The amount at stake in Weed surpasses the liabilities at

the other sites. Corporate officer Georgia Baxter testified at her deposition that the company had already spent almost $5 million on investigation and remediation at Weed. She also said that Baxter's share of the costs for a two-phase remediation plan imposed by the Environmental Protection Agency will be $4.4 million. Following remediation, she predicted ongoing operation maintenance costs of approximately $260,000 per year for 30 to 60 years. Using these figures, the trial court could have reasonably assessed the potential liability for the Weed site at between $17 and $25 million.

The record suggests that the cost of covering liability for the three Washington sites will be significantly less. At the Kent site, where Baxter is one of dozens of other responsible parties, Baxter's share of the remediation plan is approximately $30,000. At Renton, after spending $2.1 million on investigation, Baxter sold the site to a buyer who will take over Baxter's responsibility for remediation. At Arlington, the cost to remediate the site is uncertain. A consent order for past investigation costs allocates $128,000 to Baxter. Georgia Baxter originally estimated the company's future cost at $4 million but testified in deposition that it would likely exceed that figure because the company had recently become aware of dioxin contamination. Based on this evidence, the trial court could have reasonably concluded that Baxter's total liability for the three Washington sites was in the range of $6 million.

It is fair to assume that the litigation will concentrate on the Weed site because it is the site where the insurers have the greatest exposure. Current and former employees at the Weed plant who live in California can be compelled to testify at trial in San Mateo County, but not in Washington. *See Myers*, 115 Wn.2d at 129 (Washington courts have no power to compel the attendance of witnesses from other jurisdictions).

Baxter contends that King County, given its proximity to three contaminated sites, should be the forum because the remediation of local environmental hazards is of interest to

the surrounding community. This factor does weigh in favor of King County as a forum, at least with respect to the Arlington site where cleanup is just beginning and a lot of work has to be done. Whether insurance is available to pay for it is a question of local concern. San Mateo County, the California forum, may well lack a comparable localized interest in the cleanup at Weed. On the other hand, it does not appear that the remediation of the two other Washington sites is dependent on the outcome of this lawsuit. Baxter has already paid the investigation costs it claims for the Renton site. At the Kent site, the process of remediation has been in place for a number of years and Baxter is a relatively small contributor.

It is possible that another court might have weighed the local interest in the Arlington site more heavily in favor of repose for Baxter's choice of Washington as a forum. But the balancing the trial court engages in "is not subject to the same mathematical certainty as an accountant's financial statements. The court must consider the evidence presented and make what is necessarily a subjective judgment." *Lynch v. Pack*, 68 Wn. App. 626, 635, 846 P.2d 542 (1993) (affirming dismissal on the ground of forum non conveniens). The availability of a forum in the state where the most costly cleanup will take place is a tenable reason for a forum non conveniens dismissal, even where there are some factors weighing in favor of a different forum. In view of the factors making California the center of gravity for this insurance coverage dispute, we cannot conclude the King County Court's decision to dismiss was an abuse of its discretion.

Baxter alternatively argues that the court should have divided the action in order to retain jurisdiction over the claims involving the Washington sites. This was not a position advocated by either party below. The insurers offered the option as an alternative, and Baxter responded that Washington should retain jurisdiction of the entire case. On appeal, Baxter has cited no authority indicating that a court must serve the localized interest in a coverage

666

dispute by retaining jurisdiction over a portion of the case. Judicial economy is a sufficient reason for not doing so. We conclude that the trial court was within its discretion in dismissing the entire case on the basis of forum non conveniens.

Affirmed.

WEBSTER and APPELWICK, JJ., concur.