990 F.2d 1258
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Peggy MANSFIELD, M.D., Plaintiff-Appellant,
v.
Herb WATSON, Ph.D., Defendant-Appellee.
 No. 90-35649.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 16, 1992.
Decided March 17, 1993.
 
 Before EUGENE A. WRIGHT, FLETCHER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In this diversity action, Dr. Peggy Mansfield appeals the district court's summary judgment in favor of Dr. Herb Watson. The district court dismissed the action on the ground that Mansfield's claims were barred by the statute of limitations. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and we affirm.
 
 
 3
 During the summer of 1972, Mansfield worked for an educational organization in Oregon that was developing an experimental high school curriculum. Mansfield's work required that she meet with Watson, a therapist employed by the organization, for weekly counseling sessions. Mansfield alleges that Watson raped her during one of these sessions and, as a result, she has suffered continuing emotional and psychological problems. In 1988, while she was being treated by another therapist, Mansfield made the connection between her suffering and the 1972 rape.
 
 
 4
 In 1989, Mansfield filed this action against Watson in the Eastern District of Washington, where he then resided. Her complaint sought recovery for malpractice, battery, and intentional infliction of emotional distress. The district court, applying Washington's conflict of laws statute, determined that (1) Oregon law applied; and (2) Mansfield's claims were barred by Oregon's statute of limitations.
 
 
 5
 * Choice of Law
 
 
 6
 Mansfield contends that the district court erred by applying Oregon's statute of limitations to her claims. She contends that, instead, the court should have applied Washington's statute of limitations for actions based on childhood sexual abuse. We conclude that the district court was correct.
 
 
 7
 In a diversity case, a federal court must apply the conflict of laws rules of the forum state. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941). Washington has adopted the Uniform Conflict of Laws--Limitations Act. Wash.Rev.Code Ann. § 4.18.020 (West 1988). The Act provides that if a claim is substantively based upon the law of one other state, the limitation period of that state applies. Wash.Rev.Code Ann. § 4.18.020(1)(a). To determine the state law upon which a tort claim is substantively based, Washington courts apply the "most significant relationship rule." Johnson v. Spider Staging Corp., 87 Wash.2d 577, 580, 555 P.2d 997, 1000 (1976) (en banc). This rule requires the court to weigh (1) the contacts of each state with the cause of action, (2) each state's interest in having its law applied, and (3) the justifiable expectations of the parties. Id. at 580-83, 555 P.2d at 1000-02.
 
 
 8
 Here, the counseling relationship between Mansfield and Watson developed in Oregon, the alleged rape occurred there, and both parties were Oregon residents when it occurred. In contrast, Washington's sole contact with this case is Watson's move to the state several years after the rape. Given these facts, the district court correctly determined that Oregon had the most significant relationship with this case. See id.
 
 
 9
 Mansfield argues alternatively that under the exception to the Uniform Conflict of Laws--Limitations Act, Washington's limitation period for childhood sexual abuse claims should be applied because it is substantially different from Oregon's statute of limitations.[1] This argument fails because Mansfield has conceded that she was over eighteen years old when the rape occurred. By its own terms, the Washington statute of limitations does not apply to her claims. See Wash.Rev.Code Ann. § 4.16.340(5) (West Supp.1992) (" 'childhood sexual abuse' means any act committed by the defendant against a complainant who was less than eighteen years old at the time of the act"). Mansfield's argument that the Washington statute should be applied because her therapy with Watson began when she was seventeen years old also lacks merit. The statute requires the complainant to be under eighteen at the time of the act of sexual abuse. See § 4.16.340(5).
 
 
 10
 Accordingly, we conclude that Oregon law governs Mansfield's claims.
 
 II
 Application of Oregon Law
 
 11
 In the alternative, Mansfield challenges the district court's interpretation of Oregon law, as applied to her claims of battery and intentional infliction of emotional distress.[2] She contends that the district court erred in determining when these claims accrued because it did not consider the transference phenomenon. We find no error.
 
 
 12
 "Transference ... denote[s] a patient's emotional reaction to a therapist and is 'generally applied to the projection of feelings, thoughts, and wishes onto the analyst, who has come to represent some person from the patient's past.' " Simmons v. United States, 805 F.2d 1363, 1364 (9th Cir.1986) (quoting Stedman's Medical Dictionary 1473 (5th Lawyers' Ed.1982)). Transference is a crucial part of the therapeutic process because the patient attributes to the therapist certain feelings toward her parents that she may have repressed. Id. at 1365.
 
 
 13
 Mansfield argues that transference occurred during her relationship with Watson and prevented her from recognizing the psychological harm caused by the rape. Mansfield asserts that she did not discover the causal connection between her continuing psychological problems and the rape until 1988, when she was being treated by another therapist who explained the transference phenomenon to her.
 
 
 14
 Under Oregon's discovery rule, a cause of action accrues when a plaintiff has or can reasonably be expected to have knowledge of any wrong inflicted upon her. Berry v. Branner, 245 Or. 307, 312, 421 P.2d 996, 998 (1966) (en banc). A battery consists of a harmful or offensive contact caused by a volitional act. Bakker v. Baza'r, Inc., 275 Or. 245, 249, 551 P.2d 1269, 1271 (1976). "It is not necessary that the contact do actual physical harm--it is sufficient if the contact is offensive or insulting." Id.
 
 
 15
 A rape is an inherently offensive contact; Mansfield's battery claim thus accrued when the alleged rape occurred. See id.; Berry, 245 Or. at 312, 421 P.2d at 998. Because actual harm is not an element of battery, Mansfield's 1988 discovery of the nexus between her emotional suffering and the rape is irrelevant. Therefore, the district court correctly ruled that the two-year statute of limitations on her battery claim had run. See Or.Rev.Stat. § 12.110(1) (1991).
 
 
 16
 To prevail on a claim of intentional infliction of emotional distress, a plaintiff must prove that the defendant intentionally or recklessly caused severe emotional distress through extreme and outrageous conduct. Graf v. Don Rasmussen Co., 39 Or.App. 311, 322, 592 P.2d 250, 256 (1979) (citing Rockhill v. Pollard, 259 Or. 54, 485 P.2d 28 (1971)). The statute of limitations begins to run when the plaintiff knows that a wrongful act has been committed and has caused some injury, even though the full extent of the injury was not then discoverable. Guiley v. Hammaker, 55 Or.App. 921, 927, 640 P.2d 664, 667, petition for review denied, 292 Or. 863, 648 P.2d 850 (1982).
 
 
 17
 Mansfield knew in 1972 that she had been raped. What she did not know was that the damage resulting from sexual contact with her counselor would be severe and ongoing. However, at the time of the event, by her own admission, she connected "injury" with the contact. She avers in her affidavit that "as a result of the rape, I was devastated." That she did not also connect the rape with the full extent of the damage accompanying the exploitation of transference may indeed be the result of the effects of the transference phenomenon. But as long as the transference phenomenon did not prevent her from recognizing she had been harmed by her counselor at the time, tolling principles do not apply. Cf. Simmons v. United States, 805 F.2d 1363, 1365 (9th Cir.1986) (plaintiff did not know she had been abused until diagnosis.).
 
 
 18
 We conclude that no rational juror could find that Mansfield had suffered no emotional distress of any kind attributable to the rape either when the rape occurred or shortly thereafter. Her claim accrued at the time of such initial distress even though she did not then discover the full extent of the injury. See id.[3] Accordingly, her claim for intentional infliction of emotional distress is time-barred. See Or.Rev.Stat. § 12.110(1) (1991) (two-year limitation period).[4]
 
 AFFIRMED.[5]
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Under this exception, if the limitation period of another state is substantially different from Washington's limitation period and has not afforded the plaintiff a fair opportunity to sue, the Washington statute of limitations applies. Wash.Rev.Code Ann. § 4.18.040 (West 1988)
 
 
 [2]
 Because Mansfield's malpractice claim is based on negligence, it is barred by Oregon's ten-year statute of ultimate repose. See Or.Rev.Stat. § 12.115(1) (1991); DeLay v. Marathon LeTourneau Sales & Serv. Co., 291 Or. 310, 314-17, 630 P.2d 836, 838-40 (1981)
 
 
 [3]
 We reach this conclusion without regard to Mansfield's professional status or education
 
 
 [4]
 Oregon's recently enacted statute of limitations for actions based on child abuse does not apply because Mansfield was over eighteen when the rape occurred. See 1991 Or. Laws, Ch. 932 HB 2668
 
 
 [5]
 Appellee's counsel's motion to withdraw is granted