**LAM RESEARCH CORPORATION,**
a Delaware corporation,
Plaintiff—Appellee,

v.

**Subhash DESHMUKH, a Washington
resident, Defendant—Appellant.**

No. 05–35230.
D.C. No. CV–04–05435–FDB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 15, 2005.

Decided Nov. 29, 2005.

See also 2005 WL 1383983.

Alexander A. Baehr, Esq., Holland & Knight LLP, Seattle, WA, Wendy M. Lazerson, Esq., Holland & Knight, LLP, San Francisco, CA, for Plaintiff–Appellee.

Kelly P. Corr, Esq., Kelsey Joyce, Esq., Laurie Mae Thornton, Esq., Corr Cronin LLP, Seattle, WA, for Defendant–Appellant.

Appeal from the United States District Court for the Western District of Washington, Franklin D. Burgess, District Judge, Presiding.

Before REINHARDT, W. FLETCHER, and BYBEE, Circuit Judges.

## MEMORANDUM *

Defendant–Appellant Subhash Deshmukh seeks to vacate a preliminary injunction that enjoins him from working for Applied Materials, his new employer, in certain capacities. Lam Research Corp. ("Lam"), Deshmukh's former employer, insists that the injunction is necessary to protect it against Deshmukh's inevitable misappropriation of trade secrets in viola-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

tion of Washington's Trade Secrets Act. *See* R.C.W. § 19.108 *et seq.*

As the procedural history of this case makes clear, Lam's case turns on an inevitable disclosure theory. In its decision dismissing Lam's first complaint, the district court observed that Lam "allege[d] no actual misappropriation and no act of threatened misappropriation." Because the complaint rested "entirely on the 'inevitable disclosure' theory," and because Lam pleaded no facts in support of this theory, the complaint had to be dismissed. Lam then filed an amended complaint in which it alleged facts to support its inevitable disclosure claim. The district court found these allegations sufficient and granted Lam's motion for a preliminary injunction.

■ Deshmukh first argues that the district court lacked jurisdiction under 28 U.S.C. § 1332 for want of diversity between the parties. Lam is a California corporation, and, although he lived in Washington while working for Lam, Deshmukh insists that he had established California citizenship by the time the case commenced. A plaintiff bears the burden of proof to establish that jurisdiction exists at the time of filing. *Lew v. Moss,* 797 F.2d 747, 751 (9th Cir.1986). However, when a defendant contests jurisdiction based on an alleged change of domicile, a presumption arises in favor of the old domicile, and the defendant bears the burden to rebut this presumption. *Id.* Deshmukh has not done so here. In order to acquire a new domicile, a person must (1) take up residence in a different state with (2) the intent to remain there permanently. *Kanter v. Warner–Lambert Co.,* 265 F.3d 853, 857 (9th Cir.2001). Twice after Lam filed its complaint, Deshmukh signed documents in which he acknowledged that he remained a Washington citizen. Given that he must rebut the presumption in

favor of Washington citizenship, these acknowledgments make it impossible for Deshmukh to establish that he intended to relinquish his Washington domicile by the date this case began.

Deshmukh also argues that the district court erroneously applied Washington law. Washington law may embrace the inevitable disclosure doctrine. *See Solutec Corp. v. Agnew,* No. 16105–6–III, 1997 Wash.App. LEXIS 2130, at \*22 (Dec. 30, 1997). California law unambiguously does not. *See Whyte v. Schlage Lock Co.,* 101 Cal.App.4th 1443, 1462, 125 Cal.Rptr.2d 277 (2002).

■ To decide a choice of law dispute in a trade secrets misappropriation case, Washington follows the "most significant relationship" rule of the *Restatement (Second) of the Conflict of Laws* (the "Restatement"). *Johnson v. Spider Staging Corp.,* 87 Wash.2d 577, 580, 555 P.2d 997 (1976). Section 145 of the Restatement recommends that courts apply the following factors to determine the applicable law:

(a) the place where the injury occurred,

(b) the place where the conduct causing the injury occurred,

(c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered.

Restatement § 145(2). Three of the four factors favor application of California law. Although it has an office in Washington, Lam would feel an injury caused by Deshmukh at its headquarters in California. *Id.* § 145 cmt. f (observing that a plaintiff in a trade secrets case experiences an injury most keenly in the state of its headquarters). When a trade secrets case involves the wrongful use of lawfully-acquired trade secrets, the injury-causing conduct occurs where the de-

fendant makes use of the secret. *E.g., FMC Corp. v. Varco Int'l, Inc.,* 677 F.2d 500, 502 n. 3 (5th Cir.1982). Because Deshmukh now works in California, if he discloses trade secrets, the injury-causing conduct would occur in California. Lam is a California corporation, and Deshmukh is now a California citizen. Arguably, the place of the parties' relationship centered around Washington, where Deshmukh lived while working for Lam. But only on "rare occasions" is this factor given significant weight in the choice of law calculus. Restatement § 145 cmt. e.

In addition, the " 'protection of justified expectations,' " another factor Washington courts add into the choice of law mix, *Williams v. State,* 76 Wash.App. 237, 885 P.2d 845, 848 (1994) (quoting Restatement § 6), favors California law. One day before it filed suit in Washington, Lam's corporate counsel sent Deshmukh a letter warning him that the "California Civil Code and California Penal Code ... contain limitations on your use of Lam's trade secrets[,]" and discussing the sorts of consequences Deshmukh would face under California law if he violated these limitations. This letter indicates Lam's expectation that California law would apply, and nothing in the record suggests otherwise.

The district court erred in choosing Washington law to apply to this dispute. Because California law applies, and because California does not recognize the inevitable disclosure doctrine, the preliminary injunction, which is premised on a valid inevitable disclosure cause of action, must be vacated. At oral argument Lam's counsel insisted that Lam would have a valid cause of action under California law for threatened misappropriation of trade secrets. However, the district court made clear in its decision dismissing Lam's first complaint that Lam's claims "rest entirely on the 'inevitable disclosure' theory."

Lam's amended complaint alleges no facts to suggest otherwise, and nowhere in its brief does Lam argue that it has a valid cause of action under California law. Thus, without the inevitable disclosure doctrine, Lam has no claim. Accordingly, its complaint must be dismissed.

The district court's decision is RE-VERSED, the preliminary injunction is VACATED, and Lam's complaint is DIS-MISSED.