177 P.3d 1122 (2008)
Charles SALES and Patricia Sales, a married couple, Respondents,
v.
WEYERHAEUSER COMPANY, a Washington corporation, Petitioner.
No. 80472-9.
Supreme Court of Washington, En Banc.
Argued November 29, 2007.
Decided February 7, 2008.
*1123 Matthew Phineas Bergman, David S. Frockt, Brian F. Ladenburg, Bergman & Frockt PLLC, John Wentworth Phillips, John Matthew Geyman, Phillips Law Group PLLC, Seattle, WA, for Respondents.
Diane J. Kero, Gordon Thomas Honeywell, Seattle, WA, Elizabeth Pike Martin, Gordon Thomas Honeywell et al., Tacoma, WA, for Petitioner.
James Otis Neet Jr., Attorney at Law, Kansas City, MO, Mark Behrens, Shook Hardy & Bacon LLP, Paul Kalish, Crowell & Moring LLP, Robin S. Conrad, Amar Sarwal, Nat'l Chamber Litigation Center, Inc., Lynda Mounts, Kenneth Stoller, American Ins. Association, Cary Silverman, Shook Hardy & Bacon LLP, Washington, DC, Ann Spragens, Robert Hums, Property Casualty Insurers, Des Plaines, IL, Gregg Dykstra, Nat. Ass'n of Mutual Ins. Co., Indianapolis, IN, Donald Evans, American Chemistry Council, Arlington, VA, Amicus Curiae on behalf of American Chemistry Council.
Kristopher Ian Tefft, Association of Washington Business, Olympia, WA, Amicus Curiae on behalf of Association of Washington Business.
Richard C. Coyle, Perkins Cole LLP, Mark Hemphill Lough, The Boeing Company, Seattle, WA, Amicus Curiae on behalf of The Boeing Company.
OWENS, J.
¶ 1 This case presents an opportunity for this court to clarify the common law doctrine of forum non conveniens. The trial court dismissed this case under forum non conveniens after determining that Arkansas state court offered a more convenient forum to litigate the case than Washington. The Court of Appeals reversed and ordered the trial court to condition its dismissal on a stipulation that the defendant would not remove the case to federal court once filed in Arkansas state court. We affirm the Court of Appeals and remand to the trial court for proper application of the doctrine.

FACTS
¶ 2 Charles Sales grew up in Mountain Pine, Arkansas, where his father worked for *1124 years at a lumber mill owned by the Weyerhaeuser Company. Sales alleges that he was exposed to the asbestos that his father carried home on his clothes, which caused Sales to contract mesothelioma, a terminal lung disease that often kills its victims within 6 to 18 months of diagnosis.
¶ 3 Sales filed a personal injury action in Pierce County Superior Court in May 2006, naming Weyerhaeuser, a Washington corporation, as the sole defendant. Weyerhaeuser filed a motion to dismiss for forum non conveniens on grounds that Arkansas provided a more convenient forum than Washington, because the exposure to asbestos occurred in Arkansas and Sales received all medical treatment there. Sales responded that his witnesses would include many of Weyerhaeuser's former corporate employees who were residents of Washington.
¶ 4 Sales also raised concerns that if he refiled in Arkansas state court, Weyerhaeuser would likely remove the case to Arkansas federal district court, and that court would transfer the case to Pennsylvania district court under the federal multidistrict (MDL) protocol for asbestos cases. Sales claimed that delays inherent in the MDL court would impede the.progress of his case, which was especially important in light of his terminal illness.
¶ 5 The trial court granted the motion to dismiss without prejudice. The court considered each of the "private" and "public" forum non conveniens factors outlined in Myers v. Boeing Co., 115 Wash.2d 123, 794 P.2d 1272 (1990). Clerk's Papers (CP) at 157-60. It concluded that "[t]here is no question that many of the factors . . . are either neutral or in favor of holding this trial in Arkansas since that is the state in which the alleged injuries took place and where [Sales] resides and is being treated." CP at 160.
¶ 6 Sales moved for reconsideration, arguing that the court should have required Weyerhaeuser to stipulate not to remove the case to federal court. However, the court did not believe Washington law allowed the possibility of transfer to the MDL to be "a sole reason for keeping jurisdiction over a case which otherwise the State of Washington has only . . . a very thin connection." Verbatim Report of Proceedings (July 28, 2006) at 14-15. The court denied the motion for reconsideration without a written order.
¶ 7 Sales appealed the dismissal to the Court of Appeals. The court reversed, holding that the trial court abused its discretion in failing to require Weyerhaeuser to stipulate to proceed in Arkansas state court jurisdiction. Sales v. Weyerhaeuser Co., 138 Wash.App. 222, 234, 156 P.3d 303 (2007). The court remanded "with instructions that the trial court condition dismissal on Weyerhaeuser's stipulation to proceed in the Arkansas state courts." Id. at 235, 156 P.3d 303. Weyerhaeuser petitioned this court for review, and we granted the petition. Sales v. Weyerhaeuser Co., 161 Wash.2d 1014, 171 P.3d 1057 (2007).

ANALYSIS

I
¶ 8 This case requires us to determine whether the doctrine of forum non conveniens permitted the trial court to condition dismissal on a stipulation that Weyerhaeuser would litigate in Arkansas state court. This court reviews a trial court's decision to dismiss on forum non conveniens grounds for abuse of discretion. Myers, 115 Wash.2d at 128, 794 P.2d 1272. A decision based on an erroneous view of the law necessarily constitutes an abuse of discretion. Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp., 122 Wash.2d 299, 339, 858 P.2d 1054 (1993).

II
¶ 9 A plaintiff has the original choice to file his or her complaint in any court of competent jurisdiction. See Baker v. Hilton, 64 Wash.2d 964, 965, 395 P.2d 486 (1964) ("the choice lies with the plaintiff in the first instance"). Courts generally do not interfere with the plaintiffs choice of forum where jurisdiction has been properly asserted. See Johnson v. Spider Staging Corp., 87 Wash.2d 577, 579, 555 P.2d 997 (1976) (" the plaintiffs choice of forum should rarely be disturbed" (quoting Gulf Oil Corp. v. Gilbert, *1125 330 U.S. 501, 508, 67 S.Ct. 839, 91 LE d. 1055 (1947)) ).
¶ 10 The doctrine of forum non conveniens grants a court the discretionary power to decline a proper assertion of its jurisdiction "when the convenience of the parties and the ends of justice would be better served if the action were brought and tried in another forum." Id. Essentially, the doctrine limits the plaintiff's choice of forum to prevent him or her from "`inflicting upon [the defendant] expense or trouble not necessary to [the plaintiff's] own right to pursue his remedy.'" Myers, 115 Wash.2d at 128, 794 P.2d 1272 (quoting Gulf Oil, 330 U.S. at 508, 67 S.Ct. 839).
¶ 11 In deciding whether to decline its own jurisdiction in favor of another forum, a court must balance certain private and public factors that determine the convenience of litigation in the alternative forum as opposed to the host forum. See id. at 128, 794 P.2d 1272, The private factors specifically require courts to consider the convenience of litigation in the alternative forum, including:
"the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive."
Id. (quoting Gulf Oil, 330 U.S. at 508, 67 S.Ct. 839). The public factors also focus on litigation, including:
"Administrative difficulties . . . for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty . . . imposed upon the people of a community which has no relation to the litigation. . . . There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case."
Id. at 129, 794 P.2d 1272 (quoting Gulf' Oil, 330 U.S. at 508-09, 67 S.Ct. 839).
¶ 12 This balancing analysis presumes the existence of another forum against which to compare to the convenience of a Washington court. Id. at 128, 794 P.2d 1272. The analysis further presumes that the parties actually will litigate their claims in that forum. See Johnson, 87 Wash.2d at 579, 555 P.2d 997 (requiring determination of convenience to the parties and justice "if the action were brought and tried in another forum"). If the alternative forum cannot adjudicate the case, then the court cannot determine the convenience of litigation in such alternative forum.
¶ 13 Furthermore, the balancing analysis compares Washington courts only to the alternative forum, as opposed to all other possible forums in which the plaintiff could have filed suit. Therefore, the trial court's determination to dismiss in favor of litigation in another forum necessarily requires the court to consider whether the case will proceed in the alternative forum.
¶ 14 If the court determines that the alternative jurisdiction offers a more convenient forum for the litigation of the case, then it may dismiss the action "`subject to a stipulation that the defendant submit to jurisdiction in a more convenient forum.'" Myers, 115 Wash.2d at 128, 794 P.2d 1272 (quoting. Werner v. Werner, 84 Wash.2d 360, 370, 526 P.2d 370 (1974)). The stipulation takes the form of a condition placed on the dismissal. See Ina Sales & Lease, Inc. v. Seven Bar Flying Serv., Inc., 12 Wash.App. 894, 899, 533 P.2d 445 (1975) (recognizing that forum non conveniens "permit[s] a court which has assumed jurisdiction, to attach conditions to the removal of the cause to a more convenient forum"). The efficacy of forum non conveniens depends on the court's power to subject dismissal on the fact that the parties will litigate in the alternative forum. The stipulation requirement gives meaning to the court's determination that a specific forum offers a better location for the litigation of the case.

III
¶ 15 In this case, Weyerhaeuser identified Arkansas as the alternative forum. The trial court applied the private and public factors in balancing the convenience of litigation in Arkansas state court over Washington *1126 and determined Arkansas to be the more convenient forum. The court concluded that "it would be in the interest[ of justice to have this case tried in the county and location where the incident occurred." CP at 161.
¶ 16 The court went on to dismiss the action without any condition that Weyerhaeuser would submit to Arkansas state court jurisdiction. However, the court refused to consider that Weyerhaeuser could deprive Arkansas state court of jurisdiction by removing the case to federal district court. See 28 U.S.C. § 1446; Resolution Trust Corp. v. Bayside Developers, 43 F.3d 1230, 1238 (9th Cir.1994) ("[S]tate court loses jurisdiction upon the filing of the petition for removal.").[1] While removal alone would not necessarily affect the court's determination that Arkansas offered a more convenient forum, once in federal court the case would transfer to the MDL in Pennsylvania. See 28 U.S.C. § 1407(a); In re Asbestos Prods. Liab. Litig. (No. VI), 771 F.Supp. 415 (J.P.M.L.1991).[2]
¶ 17 The trial court abused its discretion by erroneously determining that it could not condition dismissal upon stipulation that the parties litigate in Arkansas state court, based on the effect of the MDL jurisdiction. See Fisons Corp., 122 Wash.2d at 339, 858 P.2d 1054. The trial court concluded that it could not "speculate on whether or not this case would be removed to Federal court by the Defendant or what the status is of cases relating to this subject matter in the Federal system." CP at 161. In addition, the trial court stated at the hearing on the motion for reconsideration that it could not retain jurisdiction solely on the possibility that the case may end up in the MDL. Failing to consider the effect of transfer to the MDL jurisdiction, the trial court did not fully determine that Arkansas state court provided a more convenient forum for the litigation of the case.
¶ 18 The trial court should have the first opportunity to consider the effect of the MDL on the convenience of litigating in Arkansas state court. While the MDL panel may eventually remand to Arkansas state court for trial, the MDL may create practical problems in pretrial delay and expense that would favor litigation in Washington. For example, Myers instructs courts to consider all "`practical problems that make trial of a case easy, expeditious and inexpensive.'" 115 Wash.2d at 128, 794 P,2d 1272 (quoting Gulf Oil, 330 U.S. at 508, 67 S.Ct. 839). The trial court must determine whether the MDL pretrial proceedings would jeopardize the ease, speed, and expense of litigation for the parties, which may weigh in favor of litigation in Washington.
¶ 19 If the court finds that the MDL would make litigation in Arkansas less convenient than Washington, then it can either deny Weyerhaeuser's motion to dismiss or dismiss with a stipulation that Weyerhaeuser will not remove the case to federal court. On the other hand, if the court determines that Arkansas remains a more convenient location even in light of the MDL, then of course the court may choose to dismiss without stipulation. Whatever the court's ultimate decision, it should be based on full consideration of the MDL on the convenience of litigation in either forum.

IV
¶ 20 Weyerhaeuser argues that a stipulation to litigate in Arkansas state court will infringe on its right to remove to federal court. However, the trial court properly asserted jurisdiction over this case and therefore may limit its decision to decline its jurisdiction on the condition that the parties will *1127 litigate in another forum. In other words, the trial court may properly retain jurisdiction if Weyerhaeuser refuses to litigate in Arkansas state court.[3]

CONCLUSION
¶ 21 We hold that the doctrine of forum non conveniens permits a court to consider the effect of removal to another jurisdiction on the convenience of the litigation in the alternative forum. We further hold that the trial court in this case abused its discretion in applying an erroneous view of the law that prevented consideration of the effect of the MDL on its determination that Arkansas state court offered a more convenient forum than Washington. Finally, we remand this case to the trial court to apply the Myers balancing factors with proper consideration of the effect of removal and transfer on the convenience of litigation in Arkansas.
WE CONCUR: Chief Justice GERRY L. ALEXANDER, Justices CHARLES W. JOHNSON, MARY E. FAIRHURST, BARBARA A. MADSEN, JAMES M. JOHNSON, RICHARD B. SANDERS, TOM CHAMBERS, and BOBBE J. BRIDGE, Justice Pro Tern.
NOTES
[1] Weyerhaeuser could not remove from Washington state court because of the lack of federal diversity jurisdiction in Washington. See 28 U.S.C. § 1332.
[2] The MDL statute provides a procedure for the consolidation of federal cases pending in different districts that have a common question of fact. The cases are transferred to a common court by an MDL panel for consolidated pretrial hearings. 28 U.S.C. § 1407(a). Eventually, the panel remands each case to its court of origin at the conclusion of the pretrial proceedings. Id. The MDL panel determined to transfer asbestos personal injury cases to, the Eastern District of Pennsylvania. In re Asbestos Prods. Liab. Litig., 771 F.Supp. 415. Weyerhaeuser has not denied that the case would be subject to the MDL jurisdiction once it has been removed to federal court.
[3] Indeed, even if Weyerhaeuser removed to federal court in breach of a stipulation to litigate in Arkansas state court, it would not have a right to litigate in federal court. See Am. Nat'l Bank & Trust Co. of Sapulpa v. Bic Corp., 931 F.2d 1411, 1412-13 (10th Cir.1991). Federal procedure permits a party to voluntarily dismiss a complaint that has been removed to federal court without prejudice. Fed.R.Civ.P. 41(a)(1). Federal courts recognize that a plaintiff may dismiss a removed case specifically to avoid litigation in federal court. See Wilson v. City of San Jose, 111 F.3d 688, 694 (9th Cir.1997); Harvey Specialty & Supply, Inc. v. Anson Flowline Equip. Inc., 434 F.3d 320, 324 n. 15 (5th Cir.2005); Am. Nat'l Bank & Trust Co., 931 F.2d at 1413 ("Rule 41(a)(2) provides no guarantee of federal jurisdiction to protect a removed action."). Therefore, removal would not necessarily deprive Washington of jurisdiction.