FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2013 DEC 23 AM 10: 50



IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| DEANDRA GRANT, an individual, ) | No. 69691-2-I |
| ) | |
| Appellant, ) | DIVISION ONE |
| ) | |
| v. ) | |
| ) | |
| NATIONAL COLLEGE OF DUI ) | |
| DEFENSE, a Washington ) | |
| corporation, ) | UNPUBLISHED OPINION |
| ) | |
| Respondent. ) | FILED: December 23, 2013 |
| ) | |

BECKER, J. — The plaintiff, an attorney, claims the defendant College wrongfully refused to certify her as a specialist. The trial court dismissed the complaint with prejudice for failure to state a claim and also on grounds of forum non conveniens. We affirm.

Appellant Deandra Grant is a Texas attorney whose practice consists of defending individuals who are charged with driving under the influence (DUI). Respondent National College of DUI Defense, a Washington corporation, has a program recognized and approved by the American Bar Association for certifying DUI defense specialists.

Grant sued the College in June 2012. Her complaint alleged that she took the College's certification examination and passed it but was denied certification

on account of her gender. The complaint claims the College committed gender

discrimination in violation of RCW 49.60.030, violated the American Bar

Association standards for a certified program, and operates a monopoly in

violation of RCW 19.86. Grant sought declaratory and injunctive relief and

punitive damages.

The College moved to dismiss the complaint on various grounds, including

failure to state a claim under CR 12(b)(6) and forum non conveniens. The trial

court specified both grounds as the bases for the decision to grant dismissal:

> First of all, the forum non conveniens issue, weighing all the factors clearly weighs in favor of finding that Washington is not the appropriate forum. Aside from the defendant corporation and having been incorporated here, there's just no other connection whatsoever. They—nobody lives here; no injury occurred here; plaintiff doesn't live here; plaintiff doesn't practice here; the defendant organization doesn't seem to maintain any presence here beyond just having been incorporated here.
>
> So I find that aside from the fact of incorporation in Washington, there's just no other good reason for this claim to have been brought here rather than in either Texas or I guess there's some connection with Alabama. So for that reason, dismissal is appropriate.
>
> I also find that there just is no unlawful act that's been pled that occurred here. I see that there—what we have here is arguments that there are potential injuries under—that would be actionable or could be actionable under both the Consumer Protection Act and the Washington State Act Against Discrimination. But your client doesn't allege that anything actually occurred here, and something more is required than what's been pled.
>
> In addition, under the CPA, it's fairly restrictive. You have to have an unfair deceptive act in Washington in trade or commerce in Washington impacting the public interest in Washington and injury to the plaintiff, and there has to be a connection between factors three and four. And that's just not been pled, and there are no facts supporting those elements.
>
> And similarly, the Court finds that there's just not been sufficient injury pled under the Washington State Act Against

Discrimination.

The order dismissing the case with prejudice was entered on November 16, 2012.

Grant moved for reconsideration and submitted a printout of "Membership Eligibility Rules" from the College's web site. Rule 8 is entitled "Governing Law and Jurisdiction." It requires that all disputes "arising from or related to membership in the College" shall be filed in King County Superior Court at the Kent Regional Justice Center and decided under Washington law. Grant argued that in view of the College's insistence in its own rules that litigation arising from membership must occur in Washington, the College's forum non conveniens argument was made in bad faith. The trial court denied the motion. This appeal followed.

On appeal, Grant does not identify or brief any issue related to CR 12(b)(6). She does not demonstrate that her complaint stated a claim. By failing to assign error to and argue against the court's decision to dismiss for failure to state a claim, Grant waives this argument. See Smith v. King, 106 Wn.2d 443, 451-52, 722 P.2d 796 (1986). We therefore affirm the order of dismissal insofar as it is based on CR 12(b)(6).

Grant does make an argument related to forum non conveniens. This court reviews forum non conveniens dismissals for abuse of discretion. Sales v. Weyerhaeuser Co., 163 Wn.2d 14, 19, 177 P.3d 1122 (2008). "Forum non conveniens refers to the discretionary power of a court to decline jurisdiction

3

when the convenience of the parties and the ends of justice would be better served if the action were brought and tried in another forum." Johnson v. Spider Staging Corp., 87 Wn.2d 577, 579, 555 P.2d 997 (1976). To decide whether dismissal is warranted, the trial court considers factors set forth in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S. Ct. 839, 91 L. Ed. 1055 (1947). Spider Staging, 87 Wn.2d at 579.

In part, Grant contends the court's decision to dismiss on grounds of forum non conveniens rested on an erroneous determination that the court lacked "jurisdiction" to hear the case. But the court's ruling nowhere mentions jurisdiction.

To dismiss a case on forum non conveniens grounds *presupposes* that the dismissing court has jurisdiction. If not, resort to forum non conveniens would be unnecessary since the matter could be more easily dismissed by a motion under CR 12(b)(1) (lack of subject matter jurisdiction) or CR 12(b)(2) (lack of personal jurisdiction). The forum non conveniens doctrine gives courts the discretion to *decline to exercise* jurisdiction where the convenience of the parties and ends of justice so require. Werner v. Werner, 84 Wn.2d 360, 370, 526 P.2d 370 (1974); 3 KARL B. TEGLAND, WASHINGTON PRACTICE: RULES PRACTICE CR 3 (6th ed. 2013).

The trial court clearly had the correct legal framework in mind when making its ruling.

Grant does not contend that the trial court misweighed the Gulf Oil factors.

4

Instead, she focuses on the College's Rule 8 which requires that disputes related to membership in the College must be filed in King County. Grant argues that a corporation should not be able to maintain a rule that requires litigation in a particular forum while at the same time taking the position that the forum is inconvenient. This argument was first raised in Grant's motion for reconsideration.

A trial court's denial of a motion to reconsider is reviewed for abuse of discretion. River House Dev. Inc. v. Integrus Architecture, P.S., 167 Wn. App. 221, 231, 272 P.3d 289 (2012). Such discretion "extends to refusing to consider an argument raised for the first time on reconsideration absent a good excuse." River House, 167 Wn. App. at 231. Also, a motion for reconsideration is preserved for appellate review only where it is "not dependent upon new facts." Reitz v. Knight, 62 Wn. App. 575, 581 n.4, 814 P.2d 1212 (1991).

Grant did not offer an excuse for failing to bring up Rule 8, a new fact, before the trial court ruled on the motion to dismiss. She does not offer one now. Additionally, Rule 8 on its face does not apply to certification disputes but rather only to membership disputes. Grant does not explain how the College's rules governing membership are relevant to a dispute about whether the College properly denied certification.

We conclude that Grant did not preserve the Rule 8 issue for appellate review, and in any event, dismissing the motion to reconsider was not an abuse of discretion because it was dependent on a new fact. We therefore affirm the

order of dismissal insofar as it is based on forum non conveniens grounds.

Affirmed.

Becker, J.

WE CONCUR:

Appelwick, J.