NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 23 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BALMUCCINO, LLC, a California limited
liability company,

No.   23-35561

D.C. No. 2:22-cv-01501-JHC

Plaintiff-Appellant,

v.

MEMORANDUM[*]

STARBUCKS CORPORATION, a
Washington corporation,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Washington
John H. Chun, District Judge, Presiding

Argued and Submitted September 13, 2024
San Francisco, California

Before:  GOULD and BUMATAY, Circuit Judges, and R. COLLINS,[**] District
Judge.

Plaintiff-Appellant Balmuccino, LLC, appeals the district court's dismissal

with prejudice of its claims against Defendant-Appellee Starbucks Corporation. In

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Raner C. Collins, United States District Judge for the
District of Arizona, sitting by designation.

relevant part, Balmuccino's first amended complaint alleged breach of implied contract and trade secret misappropriation under Washington law and trade secret misappropriation under the federal Defend Trade Secrets Act ("DTSA"). Balmuccino's claims were untimely because they were filed on March 9, 2023, and the three-year statute of limitations ran in April 2022. Balmuccino never argued it could meet the requirements for equitable tolling under Washington law, specifically the requirement that the defendant act in bad faith. Instead, Balmuccino asserted California's more relaxed equitable tolling principles should apply.

The district court held that under Washington's choice of law rules, Washington law applied. Because Balmuccino's claims were untimely, the district court dismissed its first amended complaint. The court dismissed with prejudice because further amendment would have been futile. We have jurisdiction over Balmuccino's appeal under 28 U.S.C. § 1291 and affirm.

1.      The district court correctly applied the choice of law rules of the forum state, Washington, when deciding Washington's equitable tolling rule applied to the state law claims. *See, e.g.*, *Knapke v. PeopleConnect, Inc.*, 38 F.4th 824, 832 (9th Cir. 2022). A district court applies federal law to claims invoking federal question jurisdiction, and substantive state law and federal procedural law to claims invoking diversity jurisdiction. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78

2

(1938).

2.     Washington courts apply the "most significant relationship" test to resolve choice of law questions when there is an actual conflict between the laws of the interested states. *See, e.g.*, *FutureSelect Portfolio Mgmt. v. Tremont Grp. Holdings*, 331 P.3d 29, 36 (Wash. 2014) (en banc). When performing the "most significant relationship" test, Washington courts first evaluate each party's contacts with the interested states within the boundaries of the relevant provision of the Second Restatement. *See, e.g.*, *Johnson v. Spider Staging Corp.*, 555 P.2d 997, 1000 (Wash. 1976) (en banc). Then, if the contacts are evenly balanced, a court "must evaluate the interests and policies of the potentially concerned jurisdictions by applying the factors set forth in Restatement section 6." *Woodward v. Taylor*, 366 P.3d 432, 436 (Wash. 2016).

3.     There is an actual conflict because applying California law results in a different outcome than applying Washington law. *Compare Saint Francis Mem'l Hosp. v. State Dep't of Pub. Health*, 467 P.3d 1033, 1037 (Cal. 2020), *with Fowler v. Guerin*, 515 P.3d 502, 506 (Wash. 2022). Balmuccino has not alleged and cannot allege one of Washington's equitable tolling elements—defendant's bad faith or false assurances. *See Fowler*, 515 P.3d at 506. So, we must evaluate the contacts with each state to resolve the conflict.

4.     For contract claims, Washington courts consider (1) the place of contracting;

3

(2) the place of negotiation; (3) the place of performance; (4) the location of the subject matter of the contract; and (5) the residence, place of incorporation, and place of business of the parties. Restatement (Second) Conflict of Laws § 188(2) (Am. L. Inst. 1971) ("Restatement"). For tort claims, Washington courts consider "(a) the place where the injury occurred; (b) the place where the conduct causing the injury occurred; (c) the domicile, residence, nationality, place of incorporation and place of business of the parties; and (d) the place where the relationship, if any, between the parties is centered." *Spider Staging Corp.*, 555 P.2d at 1000 (quoting Restatement § 145). However, for trade secret misappropriation specifically, "the place of injury is less significant" because it is by nature fortuitous. Restatement § 145 cmt. f. "Instead, the principal location of the defendant's conduct is the contact that will usually be given the greatest weight in determining the state whose local law determines the rights and liabilities that arise from" misappropriation of trade secrets. *Id.*

5.      Here, the most significant relationship test favors applying Washington law. For the contract claims, the place of contracting and place of negotiation were both in New York where the pitch meeting occurred, and the parties' domiciles are in Washington and California respectively, so the first, second, and fifth factors do not weigh in favor of either Washington or California. However, the third and fourth factors weigh in favor of Washington. According to Balmuccino's

4

allegations, the contract was centered on creating coffee-flavored lip products. No allegations state Starbucks created its Sip Kit product in California or was set to deliver on any other contractual obligation in California. Rather, based on the pleadings and judicially noticed materials,[1] Balmuccino's allegations fail to establish significant contract-related contacts in California. Similarly, the tort contact analysis also favors applying Washington law, especially because Starbucks's alleged misappropriation occurred in Washington. *See* Restatement § 145 cmt. f.

6.     Even if the contacts themselves did not favor Washington law, the interests of Washington would prevail over California's negligible interests. *See* Restatement § 6. Evaluating the interests of both states under the principles outlined in § 6 of the Second Restatement, Washington law still is the proper choice of law. California has little interest in applying its equitable tolling regime to an out-of-state claim for which it has already determined it lacks jurisdiction. Yet Washington has a strong interest in upholding "long-held principles promoting finality and preventing stale claims" and only applying equitable tolling "sparingly" when the predicates are met. *Fowler*, 515 P.3d at 507 (citation omitted). This interest prevails.

---

[1] We grant Balmuccino's request for judicial notice of the filings in California state court. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Rosales-Martinez v. Palmer*, 753 F.3d 890, 894 (9th Cir. 2014).

7. The district court did not abuse its discretion in dismissing the complaint without leave to amend. Although the propriety of equitable tolling "often depends on matters outside the pleadings," *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995), a court may dismiss a claim based on the statute of limitations "if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled[,]" *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). Here, no set of facts would render the complaint timely because Balmuccino concedes equitable tolling would not apply under Washington law. Therefore, the district court properly dismissed the complaint without leave to amend.

8. Balmuccino asserts additional discovery is required to settle the choice of law issue. However, this argument ignores that a court can determine which state's law applies at the motion to dismiss stage if the pleaded facts allow the analysis. *See, e.g.*, *Fields v. Legacy Health Sys.*, 413 F.3d 943, 949–53 (9th Cir. 2005). Here, because the complaint alleges no facts from which significant contacts in California could be inferred, additional discovery would not change the choice of law analysis.

**AFFIRMED.**