983 P.2d 666 (1999)
96 Wash.App. 537
Wilbert Darling HILL, individually, and Norma J. Hill, as Personal Representative of Rosalie Charlotte Hill, Appellants,
v.
JAWANDA TRANSPORT LTD., a British Columbia corporation, and Parminder Singh Gidda, Respondents.
No. 43689-9-I.
Court of Appeals of Washington, Division 1.
June 28, 1999.
Publication Ordered August 20, 1999.
*668 Michael Himes & Todd Pettys, Perkins Coie, Seattle, WA, for Appellants.
Michael B. King, Mark P. Scheer, Matthew J. Macario, Lane Powell Spears Lubersky, Seattle, WA, for Respondents.
*667 AGID, A.C.J.
In Whatcom County, Rosalie Hill died and William Hill was seriously injured in a traffic accident caused by respondent Parminder Gidda, a truck driver employed by respondent Jawanda Transport, Ltd. (Jawanda). Mrs. Hill's estate and Mr. Hill appeal the trial court's forum non conveniens dismissal of their suit, contending British Columbia is not an adequate alternative forum and the balance of private and public factors weighs in favor of jurisdiction in Whatcom County. Because Jawanda stipulated to its liability and to British Columbia jurisdiction, the parties are British Columbia citizens, and the trial court's decision that British Columbia is the preferred alternative forum was a proper exercise of its discretion, we affirm.

FACTS
The fatal accident happened at noon on October 2, 1997, at milepost 255 on Interstate 5 in Whatcom County. In that section of the freeway, north- and southbound lanes are separated by a median strip. William Hill was driving his 1996 Toyota Camry and Rosalie Hill was in the front passenger's seat when a tractor-trailer truck driven by Parminder Gidda and owned by Jawanda turned into their lane. The truck collided with the left side of the Hills' Camry, causing it to spin across the median strip and into the inside lane of southbound Interstate 5. Another tractor-trailer truck, driven by Manvir Singh, was unable to avoid the Hills' car and smashed into it. The Camry flew back into the median from the force of the collision and came to rest on its roof. Although both Hills were wearing their seat belts, within seconds of the collision Mrs. Hill died from trauma to her brain. Mr. Hill suffered numerous severe injuries that included a punctured lung.
Mr. Hill and his daughter Norma, Mrs. Hill's personal representative, sued Gidda and Jawanda, raising claims for wrongful death under RCW 4.20.010 and .020, and negligence under Washington's survivorship statutes.[1] The Hills requested damages for "losses of consortium, love, affection, care, service, companionship, society, and financial contributions." They also requested damages for Mrs. Hill's "pain, fear, anxiety, emotional distress, and funeral expenses," and for Mr. Hill's injuries, disabilities, pain, mental and emotional distress, and medical and out-of-pocket expenses. All parties are citizens of British Columbia and are insured under the nationalized Canadian insurance scheme.
Gidda and Jawanda moved to dismiss on forum non conveniens grounds, saying that if they prevailed, they would admit to British Columbia jurisdiction as well as to total liability for the accident. The court granted the motion, ruling:
The court believes this is a classic case for forum non conveniens based on the concession of liability. The court is going to dismiss on forum non conveniens ground[s] on the condition that defendant admits liability on the record both here and the British Columbia court. The parties can *669 argue what law will apply with the BC court and that court can decide the issue. But the court is satisfied that in this day of videotaping that the brief damage witnesses of the plaintiff not offered here will not harm the plaintiffs' case, and, otherwise, there's just no good reason to have the case here except for damages and counsel have pointed out that's a collateral concern in these matters. So the motion is granted.

DISCUSSION
The Hills argue that the trial court abused its discretion when it granted the motion to dismiss on forum non conveniens grounds. Jawanda responds that the trial court properly dismissed because British Columbia courts are adequate and appropriate alternative forums. We must determine whether the trial court correctly ruled that British Columbia was an adequate forum.
Forum non conveniens "refers to the discretionary power of a court to decline jurisdiction when the convenience of the parties and the ends of justice would be better served if the action were brought and tried in another forum."[2] We review a trial court's forum non conveniens dismissal for abuse of discretion.[3]
A defendant bears the burden of proving an adequate alternative forum exists.[4] That being said, it is the rare case where "the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all...."[5] Thus, in Piper Aircraft, the court granted a forum non conveniens dismissal motion in a wrongful death action even though the alternative forum, Scotland, did not have strict liability laws and the damages award would be smaller.[6] The Piper court reasoned that because plaintiffs could bring wrongful death suits in Scotland, albeit with less favorable damages than in their chosen forum, plaintiffs were in "no danger that they will be deprived of any remedy or treated unfairly."[7] The court noted that "the possibility of a change in law unfavorable to the plaintiff should not be given substantial weight...."[8]
Applying Piper Aircraft, the court in Dowling v. Richardson-Merrell, Inc.[9] reviewed the trial court's forum non conveniens dismissal of plaintiffs' products liability suits. It affirmed, holding that the United Kingdom was an adequate alternative forum, even though it did not recognize certain tort theories available to plaintiffs in the United States.[10] And the Second Circuit has held that if trial in an alternative forum would address "the essential subject matter of the *670 dispute," that forum is adequate.[11]Dowling and Capital Currency Exchange, N.V. v. National Westminster Bank PLC apply here.
Mr. Hill and Ms. Hill's estate sued for wrongful death and negligence under Washington's survivorship statutes. Jawanda presented evidence that in British Columbia, Hill could sue for loss of financial support, loss of household assistance or services, loss of love, guidance and affection, loss of or acceleration of inheritance, and medical and funeral expenses.[12] This is sufficient under Dowling and Capital Currency to establish that there is an adequate alternative forum because the Hills can clearly litigate the essential subject matter of their dispute and recover damage for their losses.
Hill argues that, because British Columbia does not allow claims for pain and suffering, we must reverse.[13] But, assuming arguendo that British Columbia law would apply at trial, under Dowling and Capital Currency the fact that a particular claim cannot be raised in a foreign forum does not establish that it is inadequate. British Columbia courts would address the essential subject matter of the accident that killed Ms. Hill by considering her various claims for loss, as provided for by British Columbia law. British Columbia courts are adequate alternative forums.
Once a defendant proves that another forum is adequate, the trial court must analyze and balance private and public interests in order to select the appropriate forum.[14] No specific set of facts mandates forum non conveniens dismissal in every case. "`Each case turns on its facts'" because "[i]f central emphasis were placed on any one factor, the forum non conveniens doctrine would lose much of the very flexibility that makes it so valuable."[15] We will reverse only if the trial court's decision is "`manifestly unfair, unreasonable, or untenable.'"[16]
The private interests the court must consider include:
the relative ease of access to sources ofZ proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing[] witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.[[17]]
Underlying these factors is the policy that forum selection should not be used to harass an opponent.[18] Thus, unless the factors weigh "strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."[19]
The trial court must also consider the following public interest factors:
Administrative difficulties follow for courts when litigation is piled up in congested *671 centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.[[20]]
And if a defendant admits liability when all witnesses who would testify regarding damages live in the alternative forum, this factor favors dismissal.[21]
Here, under the trial court's dismissal order, Jawanda and Gidda admit liability if the trial proceeds in British Columbia. The only issue would be damages. To prove damages, the Hills would rely on testimony of the surviving victim, the Hill family and friends, and medical professionals. These witnesses and Mr. Hill's doctors reside in British Columbia. The medical professionals who treated the Hills on the day of the accident reside in Whatcom County.
If the case proceeded in Whatcom County, liability would be contested. All eyewitnesses to the accident, other than the drivers of the vehicles, reside in Bellingham and Ferndale, Washington. But all victims and the defendants, as well as Singh, the driver of the second truck that collided with the Hills' Camry, are British Columbia residents. Under these facts, the trial court's decision that trial would be more convenient in British Columbia was not an abuse of discretion. Given the concession of liability, the vast majority of witnesses at a trial limited to determining the Hills' damages are located in British Columbia. Without the concession of liability, the Hills would still be required to prove damages in Whatcom County and problems of producing foreign witnesses for trial would multiply.
Washington courts have no express authority over foreign witnesses and cannot compel their attendance at trial.[22] At best, foreign witnesses may be deposed in the foreign jurisdiction after application to the foreign tribunal.[23] To require an uncooperative Washington witness to appear in a British Columbia court, a party must seek a subpoena through a Washington court. Under these facts, the trial court's decision to dismiss was not manifestly unfair, since the majority of damages witnesses reside in British Columbia and its law provides a means of obtaining the attendance of uncooperative foreign witnesses.[24]
Nor do any of the other private interest factors support plaintiff's argument. The case of access to sources of proof does not favor jurisdiction in Whatcom County for, as already noted, problems of obtaining witness attendance increase if liability is contested. Viewing the premises becomes irrelevant given Jawanda's concession of liability. Other practical problems could include the cost of hiring experts if in fact the case is heard in British Columbia and Washington law is applied. Yet these costs are at best speculative on the record before us. Given the facts described above, the trial court's decision represents a fair and reasonable assessment of which forum would be most convenient for the parties.
Public policy also supports dismissal here, since this is a Canadian dispute between Canadian citizens involving the possible remuneration for injuries through the *672 Canadian national insurance system. The Hills argue that the public's interest in deterrence supports jurisdiction in Whatcom County. But the central point of the Hills' deterrence argument, that prosecution of their claims will enhance respect for the rules of the road, is inapposite. Respect for the rules of the road is a question involving the enforcement of criminal statutes, and is not an appropriate consideration in forum non conveniens analysis.[25] We also recognize that British Columbia has a greater interest in the allocation of damages between its residents, regardless of where they are injured, than Whatcom County has in determining the degree of damages awarded to non-resident traffic accident victims.
The Hills also argue that the trial court erred in part because Washington law will apply in either forum. But regardless of whether this assertion is correct, choice of law analysis is not a necessary element of forum non conveniens doctrine.[26] At most, resolution of a choice of law question informs, but does not govern a trial court's forum non conveniens dismissal.[27] The trial court properly left the issue to the courts of British Columbia, and there was no abuse of discretion.[28]

CONCLUSION
In the context of this case, British Columbia courts are an adequate alternative forum. Taken together, private and public interests favor the trial court's forum non conveniens dismissal of this case, given Jawanda's and Gidda's stipulations to liability and jurisdiction in British Columbia. The Hills have not established that the trial court abused its discretion when it dismissed the case.
Affirmed.
WEBSTER and COLEMAN, JJ., concur.
NOTES
[1] RCW 4.20.046 and .060.
[2] Johnson v. Spider Staging Corp., 87 Wash.2d 577, 579, 555 P.2d 997 (1976).
[3] Myers v. Boeing Co., 115 Wash.2d 123, 128, 794 P.2d 1272 (1990).
[4] El-Fadl v. Central Bank of Jordan, 75 F.3d 668, 677 (D.C.Cir.1996). We recognize that we adopted the opposite standard in Wolf v. Boeing Co., 61 Wash.App. 316, 323, 810 P.2d 943 (plaintiff bears burden of proving inadequate forum), review denied, 117 Wash.2d 1020, 818 P.2d 1098 (1991), but our decision in Wolf relied on Pratt v. United Arab Shipping Co., 585 F.Supp. 1573 (E.D.La.1984). Pratt relied on Vaz Borralho v. Keydril Co., 696 F.2d 379 (5th Cir.1983). Vaz was overruled in In re Air Crash Disaster Near New Orleans, 821 F.2d 1147 (5th Cir.1987), vacated on other grounds, Pan Ame. World Airways, Inc. v. Lopez, 490 U.S. 1032, 109 S.Ct. 1928, 104 L.Ed.2d 400 (1989). In re Air Crash expressly stated that the defendant has the burden of persuasion for all elements of a forum non conveniens motion. 821 F.2d at 1164. The test is the same in several other circuits. See, e.g., Mercier v. Sheraton Int'l, Inc., 935 F.2d 419, 423, 425 (1st Cir. 1991); Schertenleib v. Traum, 589 F.2d 1156 (2d Cir.1978); Watson v. Merrell Dow Pharms., Inc., 769 F.2d 354, 357 (6th Cir.1985); Cheng v. Boeing Co., 708 F.2d 1406, 1411 (9th Cir.), cert. denied, 464 U.S. 1017, 104 S.Ct. 549, 78 L.Ed.2d 723 (1983). Because the rationale for the Wolf burden of persuasion rule is no longer valid, we conclude the burden is on the defendant.
[5] Piper Aircraft Co. v. Reyno, 454 U.S. 235, 254, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981).
[6] Id. at 254-55, 102 S.Ct. 252.
[7] Id. at 255, 102 S.Ct. 252 (emphasis added).
[8] Id. at 252 n. 19, 102 S.Ct. 252.
[9] 727 F.2d 608, 610 (6th Cir.1984).
[10] Dowling, 727 F.2d at 615. See also Transunion Corp. v. PepsiCo, Inc., 811 F.2d 127, 129 (2nd Cir.1987) (absence of equivalent of RICO statute in foreign jurisdiction does not bar forum non conveniens dismissal where foreign law permits recovery in fraud action).
[11] Capital Currency Exch. N.V. v. National Westminster Bank PLC, 155 F.3d 603, 611 (2nd Cir. 1998) (English court adequate foreign forum in Sherman Act claim even though Sherman Act not enforced in England because plaintiffs had adequate recourse under Treaty of Rome), cert. denied, ___ U.S. ___, 119 S.Ct. 1459, 143 L.Ed.2d 545 (1999).
[12] It appears that British Columbia courts do not allow recovery for lost and future earnings. See Southwell v. Widing Transp. Inc., 101 Wash.2d 200, 201-02 n. 1, 676 P.2d 477 (1984).
[13] Courts have, on rare occasions, found a forum inadequate. See, e.g., Irish Nat'l Ins. Co. v. Aer Lingus Teoranta, 739 F.2d 90, 91 (2nd Cir. 1984) (in insurance subrogation action, Ireland not adequate forum where damages limited to $260 in action for recovery of $125,000; this limitation "eliminate[s] the likelihood that the case will be tried").
[14] Myers, 115 Wash.2d at 128-29, 794 P.2d 1272 (citing Gulf Oil Corp. v. Gilbert, 330 U.S.501, 508-09, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)).
[15] Piper Aircraft, 454 U.S. at 249-50, 102 S.Ct. 252 (quoting Williams v. Green Bay & W.R. Co., 326 U.S. 549, 557, 66 S.Ct. 284, 90 L.Ed. 311 (1946)).
[16] Myers, 115 Wash.2d at 128, 794 P.2d 1272 (quoting General Tel. Co. v. Util. & Transp. Comm'n, 104 Wash.2d 460, 474, 706 P.2d 625 (1985)).
[17] Gulf Oil, 330 U.S. at 508, 67 S.Ct. 839.
[18] Id.
[19] Id.
[20] Id. at 508-09, 67 S.Ct. 839.
[21] Myers, 115 Wash.2d at 132, 134, 794 P.2d 1272.
[22] Myers, 115 Wash.2d at 129, 794 P.2d 1272; Wolf, 61 Wash.App. at 326-27, 810 P.2d 943. See also Howe v. Goldcorp Invs., Ltd., 946 F.2d 944, 951 (1st Cir.1991) (only Canadian courts may compel the attendance of uncooperative Canadian witnesses at trial), cert. denied, 502 U.S. 1095, 112 S.Ct. 1172, 117 L.Ed.2d 418 (1992).
[23] CR 43(d)(3).
[24] Furthermore, most of the damage evidence is in British Columbia, where the Hills' medical records are located.
[25] Wolf, 61 Wash.App. at 328, 810 P.2d 943.
[26] Myers, 115 Wash.2d at 133 n. 5, 794 P.2d 1272; Wolf, 61 Wash.App. at 328, 810 P.2d 943.
[27] Gulf Oil, 330 U.S. at 509, 67 S.Ct. 839.
[28] The Hills' remaining argument, that a British Columbia court would grant a forum non conveniens motion in this case, is not well taken. Jawanda and Gidda have stipulated to jurisdiction in a British Columbia court.