141 P.3d 67 (2006)
Dana KLOTZ, in her capacity as the Administrator-Personal Representative of the Estate of Christopher Klotz, Deceased, Appellant,
v.
Ramina DEHKHODA, in her capacity as the Administrator-Personal Representative of the Estate of Brian Anaka, Deceased, Respondent.
No. 56556-7-I.
Court of Appeals of Washington, Division 1.
June 12, 2006.
Publication Ordered July 31, 2006.
C. Steven Fury, Fury Bailey, Seattle, WA, Emmelyn Hart-Biberfeld, Philip Albert Talmadge, Talmadge Law Group PLLC, Tukwila, WA, for Appellant.
*68 Nathan Furman, Forsburg & Umlauf, Mark Preston Scheer, Scheer & Zehnder LLP, Seattle, WA, for Respondent.
ELLINGTON, J.
¶ 1 Two Canadian citizens died in a car accident in Washington state, and the passenger's estate brought a wrongful death action against the driver's estate in King County. The trial court dismissed on forum non conveniens grounds. Because the essential subject matter of the claim may be litigated under Canadian law, and both private and public policy factors favor Canada as the appropriate forum, we affirm.

BACKGROUND
¶ 2 This wrongful death suit arose out of a car accident in Stevens County on July 15, 2001. The driver, Brian Anaka, and his passenger, Christopher Klotz, both 20 years old, died in the accident. The two friends were Canadian citizens who lived in British Columbia, and were en route to a fishing and camping trip. Accident response teams attributed the accident to speeding. Both young men were legally intoxicated at the time of the accident.
¶ 3 Probates were opened for both Anaka and Klotz in King County for purposes of this litigation. Klotz's mother, as representative for his estate, brought this wrongful death claim against Anaka's estate, represented by attorney Ramina Dehkhoda. The superior court granted a motion to dismiss on grounds of forum non conveniens, on condition that the defendant admit liability and that a British Columbia court accept jurisdiction. This appeal followed.

ANALYSIS
¶ 4 Forum Non Conveniens. Under the doctrine of forum non conveniens, courts have the discretionary power to decline jurisdiction when the convenience of the parties and the ends of justice would be better served if the action were brought and tried in another forum. Johnson v. Spider Staging Corp., 87 Wash.2d 577, 579, 555 P.2d 997 (1976). We review such a dismissal for abuse of discretion, and will reverse only if it is manifestly unfair, unreasonable or untenable. Myers v. Boeing Co., 115 Wash.2d 123, 128, 794 P.2d 1272 (1990).
¶ 5 In deciding whether to dismiss for forum non conveniens, the trial court must first determine whether an adequate alternative forum exists. Hill v. Jawanda Transp. Ltd., 96 Wash.App. 537, 541, 983 P.2d 666 (1999). In rare cases, an alternate forum proves inadequate because "the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all.'" Id. (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 254, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)). However, the fact of a difference in the law between the original and proposed alternative forum is not given substantial weight in the analysis. Piper, 454 U.S. at 254, 102 S.Ct. 252. So long as the plaintiff can litigate the essential subject matter of the case in the alternate forum, the fact that recovery would be smaller  even considerably smaller  does not render the forum inadequate. Id.; Hill, 96 Wash.App. at 542-43, 983 P.2d 666. Thus, in Gonzalez v. Chrysler Corporation, 301 F.3d 377, 382 (5th Cir.2002), the court upheld dismissal even though the alternative forum, Mexico, did not provide for strict liability in product liability actions and capped the maximum award for the wrongful death of the plaintiffs' child at $2,500, an amount dramatically lower than would have been available in the United States. That court concluded that Mexico's legal schema was a deliberate policy choice, and that "[i]t would be inappropriate  even patronizing  for us to denounce this legitimate policy choice by holding that Mexico provides an inadequate forum" on the basis of lower available damages. Id.
¶ 6 It thus appears that an alternative forum is adequate so long as some relief, regardless how small, is available should the plaintiff prevail. See Piper, 454 U.S. at 254-55, 102 S.Ct. 252 (upholding dismissal in a wrongful death action even though the damages award would be smaller in Scotland, the alternative forum); Nemariam v. Fed. Democratic Republic of Ethiopia, 354 U.S.App. D.C. 309, 315 F.3d 390, 394-95 (2003) (reversing dismissal on forum non conveniens, distinguishing Gonzalez because the alternative *69 forum, the Ethiopia/Eritrea Claims Commission, could not guarantee recovery to the plaintiff even if her claim succeeded). Even the fact that a suit would no longer be economically viable due to the limited damages available does not render an alternative forum inadequate for forum non conveniens purposes. Gonzalez, 301 F.3d at 383.
¶ 7 This court has upheld dismissal on facts similar to those here. Hill v. Jawanda Transport Ltd., 96 Wash.App. 537, 543, 983 P.2d 666 (1999), involved a collision on I-5 of a car and a tractor trailer, both driven by Canadian citizens who resided in British Columbia. The passenger in the car was killed. Her husband filed a wrongful death and survival action in Washington. We concluded that British Columbia was an adequate alternative forum even though that jurisdiction does not allow recovery for pain and suffering, or for lost and future earnings:
[T]he fact that a particular claim cannot be raised in a foreign forum does not establish that it is inadequate. British Columbia courts would address the essential subject matter of the accident that killed Mrs. Hill by considering her various claims for loss, as provided for by British Columbia law.
Id. at 543, 983 P.2d 666.
¶ 8 In this case, British Columbia's adequacy as an alternate forum turns on whether any recovery is available to compensate for Klotz's death. Based upon our review of relevant Canadian law as represented by both parties' experts, we affirm the trial court's finding that Canada is an adequate alternative forum.
¶ 9 Recovery for wrongful death is available under two statutes in British Columbia. Under the Estate Administration Act, R.S.B.C., ch. 122, § 59(3) (1996), the decedent's estate may recover damages, which do not include damages for the decedent's pain and suffering or lost future earnings. Rickards Estate v. Diebold Election Systems, Inc., [2004] B.C.J. No. 2232 at ¶ 74. Under the Family Compensation Act, R.S.B.C., ch. 126 (1996), surviving members of the decedent's family may be compensated for the value of lost household assistance and expected future financial benefits, but only on proof that such services and benefits were truly expected and forthcoming. See, e.g., Cahoose v. ICBC, [1999] B.C.J. No. 1047; Ayeras v. Front Runner Freight, [1998] B.C.J. No. 1803. Any given expense or basis of damages may be recovered only once. For example, Klotz's parents paid out-of-pocket for his funeral expenses, for which they may be reimbursed under the Family Compensation Act, but Klotz's estate cannot also receive payment for those costs.
¶ 10 Klotz's estate hinges its argument on the assertion that because the estate, not Klotz's surviving relatives, is the Washington plaintiff, there is no recovery available in British Columbia because (1) funeral expenses will be paid to the family, not the estate, and (2) under the Family Compensation Act the family, but not the estate, is entitled to damages (if any) for lost future services or financial benefits.
¶ 11 The trial court here rejected this argument, on grounds that Klotz's surviving relatives are the beneficiaries of his estate and are the parties on whose recovery the adequacy of the forum depends. The court refused to look only at the recovery available under the Estate Administration Act:
If this were an instance where plaintiff would simply not be able to entertain its cause of action in British Columbia, meaning it would not even be able to litigate the subject matter, I would be prepared to find that it was not an adequate alternative forum. That's not our case. It's undisputed that the parents could file this cause of action and have the underlying subject matter litigated in British Columbia.
I think it's also equally undisputed that their hopes of any type of relief are going to be nominal. But that is not how the cases defin[e] another forum as being inadequate. Instead this is one of those instances where this court needs to accept the fact that another jurisdiction has developed a different jurisprudence, as harsh as it may be from our point of view.
With all of that said, I find that the British  that the B.C. courts would in fact be an adequate alternative forum and that *70 defendant has carried its burden of proof in that regard.
Report of Proceedings (RP) (July 8, 2005) at 51:1-21.
¶ 12 We agree. An estate is a legal fiction, an entity devised to aid in the efficient transfer of property. To determine the adequacy of an alternative forum, we must consider who ultimately benefits from successful pursuit of the claim. Here, as the trial court found, the family members are the true parties in interest. As in Hill, Piper, and Gonzalez, the fact that the damages recoverable in British Columbia are significantly less than in Washington does not, by itself, render British Columbia an inadequate forum.
¶ 13 When an adequate alternative forum exists, the court must next consider and balance various private and public interest factors. Johnson, 87 Wash.2d at 579, 555 P.2d 997. The factors remain constant, but "the balance and result are fact specific." Myers, 115 Wash.2d at 131, 794 P.2d 1272. Each case therefore turns on its own facts. Piper, 454 U.S. at 249-50, 102 S.Ct. 252 ("If central emphasis were placed on any one factor, the forum non conveniens doctrine would lose much of the very flexibility that makes it so valuable.").
¶ 14 The private interest factors that the court must consider in deciding whether to dismiss for forum non conveniens include the relative ease of access to sources of evidence, the availability of compulsory process for the attendance of unwilling witnesses, "`and all other practical problems that make trial of a case easy, expeditious and inexpensive.'" Myers, 115 Wash.2d at 128, 794 P.2d 1272 (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)). The court also considers the following public interest factors:
"Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself."
Id. at 129, 794 P.2d 1272 (quoting Gulf Oil, 330 U.S. at 508-09, 67 S.Ct. 839).
¶ 15 The first private interest factor is the relative ease of access to sources of proof. Here, since dismissal was conditioned on admission of liability, the trial in British Columbia would address damages only. Access to evidence presents no challenge, because the damages evidence is almost entirely located in Canada. The trial court noted the possibility that two Washington residents, the deputy coroner and the undertaker, might be called as damages witnesses, but concluded that this did not constitute a significant inconvenience. This factor weighs in favor of dismissal.
¶ 16 The next private interest factor is the availability of compulsory process for the attendance of unwilling witnesses. There was no suggestion that the two Washington residents would be unwilling to provide testimony in Canada, so this factor also weighs in favor of dismissal. Most witnesses would be British Columbia residents. As the court noted in Hill, Canadian courts, not Washington courts, have the legal power to compel testimony of Canadian residents. Hill, 96 Wash.App. at 545, 983 P.2d 666.
¶ 17 Additional practical considerations would also make trial in British Columbia easier, quicker, and less expensive than trial in Washington. If the case proceeded in Washington, liability would be contested, making trial significantly less expeditious and more expensive. This weighs in favor of dismissal. Hill, 96 Wash.App. at 544, 983 P.2d 666. Further, the record reflects that moving to a Canadian forum will not unduly delay a decisionresolution.[1]
*71 ¶ 18 The trial court also found that public policy factors strongly favor a Canadian forum, because the true parties involved are the decedents' surviving family members, all of whom are Canadian citizens; British Columbia has a greater interest than Washington in allocating damages between citizen residents; and defendant's willingness to admit liability would reduce the burden on both court systems. Finally, following Hill, the court rejected Klotz's argument that Washington's interest in enforcing the rules of the road should weigh in favor of Washington as the forum. Each of these findings is supported by substantial evidence.
¶ 19 The trial court here correctly identified the legal standards and burden of proof, and considered each step of the analysis as well as each of the private and public interest factors. Dismissal on grounds of forum non conveniens was not an abuse of discretion.[2]
¶ 20 Exclusion of Insurance Adjuster's Letter. In responding to the motion to dismiss, Klotz submitted a letter to Klotz's prior trial counsel from an adjuster at the Insurance Corporation of British Columbia (ICBC). The first three paragraphs of the letter described the limitations on claims and coverage related to Anaka's death under the policy and Canadian law. In the fourth paragraph, the adjuster opined that the limitations period on the claim had elapsed, but offered $5,000 (CAD) to settle the case. On Anaka's motion, the trial court struck the letter as an offer of settlement. Klotz assigns error to this ruling, which we review for abuse of discretion. City of Spokane v. Neff, 152 Wash.2d 85, 91, 93 P.3d 158 (2004).
¶ 21 Evidence Rule 408 excludes evidence of conduct or statements made in settlement negotiations to prove liability.[3] Courts may, however, admit settlement evidence for other purposes, if the evidence is otherwise admissible under the rules. ER 408; see Northington v. Sivo, 102 Wash.App. 545, 549, 8 P.3d 1067 (2000) (admission of settlement with third party defendant was error where not admitted to show bias, and was thus more prejudicial than probative of liability question); see also Bulaich v. AT & T Information Systems, 113 Wash.2d 254, 264, 778 P.2d 1031 (1989) (affirming admission of offer of reinstatement as probative of independently relevant issue of employer's mental state).
¶ 22 Klotz argues that the letter should have been admitted because it was not offered to prove liability. We agree with this initial premise: the letter was offered to demonstrate that any recovery in a Canadian forum would be substantially limited. We note that the letter was not competent evidence of Canadian law, since the insurance adjuster was not shown to be qualified to give an expert opinion on that subject. ER 702; Sehlin v. Chicago, Milwaukee, St. Paul & Pac. Railroad Co., 38 Wash.App. 125, 132-33, 686 P.2d 492 (1984). It does not appear, however, that this ground for exclusion was argued. More to the point, exclusion of the letter had no conceivable effect on the forum *72 non conveniens ruling. The extent of coverage and recovery available for Klotz's death was the subject of lengthy testimony from British Columbia lawyers. If exclusion of the letter was error, it was clearly harmless.
¶ 23 Affirmed.
WE CONCUR: SUSAN AGID and WILLIAM BAKER, JJ.
NOTES
[1] It appears trial dates are readily available in British Columbia. Courts in Chilliwack, close to this action's location in King County, and courts in Kelowna, close to the Klotzes' home, are setting trials within three months from when trial date requests are made.
[2] Nor was it an abuse of discretion to conclude there was no waiver due to delay. There may be cases where significant discovery expenses and elapsed time preclude dismissal on forum non conveniens grounds. See In re Air Crash Disaster near New Orleans, 821 F.2d 1147, 1166 (5th Cir.1987), vacated on other grounds sub nom. Pan Am. World Airways, Inc. v. Lopez, 490 U.S. 1032, 109 S.Ct. 1928, 104 L.Ed.2d 400 (1989), vacated in part, aff'd in part on remand, 883 F.2d 17 (5th Cir.1989). But this is not such a case. Respondent asserted forum non conveniens in the original answer. Discovery taken before the motion was necessary to develop a record in support of the motion. And as the trial court noted, it appears that any tardiness in arguing the motion was attributable to professional courtesy, not to a tactic of delay.
[3] Evidence Rule 408 provides: "Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution."