IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| CASSIE LISBY, individually and as ) | No. 69008-6-I | |
| Personal Representative of THE ) | | |
| ESTATE OF CLAYTON LISBY, and as ) | | |
| legal guardian for her minor child J.L., ) | DIVISION ONE | |

CASSIE LISBY, individually and as )
Personal Representative of THE )
ESTATE OF CLAYTON LISBY, and as )
legal guardian for her minor child J.L., )
                     )
           Respondent, )
                     )
         v.            )
                     )
PACCAR, INC.,          )
                     )
          Appellant. )

No. 69008-6-I

DIVISION ONE

PUBLISHED OPINION

FILED: December 23, 2013

BECKER, J. — A Washington trial court that dismisses an action on the ground that another state is a more convenient forum may not require the defendant to stipulate that Washington's statute of repose will govern the case. Deciding what state's statute of repose will apply to the action is a choice of law issue that does not determine the adequacy or convenience of the alternative forum. We reverse.

FACTS

Clayton Lisby was killed in a rollover accident at his workplace in Fort Worth, Texas, in January 2011. The truck he was driving was designed in Washington by engineers of the Kenworth Truck Company. Kenworth manufactured the truck in Ohio in 1990, and it was likely delivered shortly thereafter. The Kenworth Truck Company is an unincorporated division of

PACCAR, Inc. PACCAR is a Delaware corporation with its principal place of business in Bellevue, Washington. Cassie Lisby, Clayton's widow, sued PACCAR for wrongful death in Washington. She asserted claims of product liability and negligence. PACCAR moved to dismiss the action on forum non conveniens grounds, asserting that the case properly belonged in Texas.

Washington recognized the doctrine of forum non conveniens in Werner v. Werner, 84 Wn.2d 360, 371, 526 P.2d 370 (1974). "Forum non conveniens refers to the discretionary power of a court to decline jurisdiction when the convenience of the parties and the ends of justice would be better served if the action were brought and tried in another forum." Johnson v. Spider Staging Corp., 87 Wn.2d 577, 579, 555 P.2d 997 (1976).

The doctrine of forum non conveniens presupposes that there are at least two forums in which the defendant is amenable to process, Werner, 84 Wn.2d at 370, and so the court must first determine whether there is an adequate alternative forum. If so, the court then balances the private and public interest factors articulated in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S. Ct. 839, 91 L. Ed. 1055 (1947). Spider Staging, 87 Wn.2d at 579. Unless the balance of factors strongly favors the defendant, the plaintiff's choice of forum will seldom be disturbed. Spider Staging, 87 Wn.2d at 579-80.

Here, the trial court found that the Gulf Oil factors "strongly favor trial in the State of Texas and strongly disfavor trial in Washington." The court granted the motion to dismiss the action with prejudice, conditioned on PACCAR's

agreement to waive the Texas statute of limitations, a condition that PACCAR accepted.

Lisby remained concerned that in Texas, PACCAR would be able to have the suit promptly thrown out on statute of repose grounds when it reaches Texas. The Texas statute of repose cuts off all claims which accrue more than 15 years after the original sale. The exceptions are few and narrow. See TEX. CIV. PRAC. & REM. CODE ANN. § 16.012 (2003). The Washington statute of repose is more favorable to Lisby's chances of prevailing, given the fact that the truck accident occurred more than 20 years after the truck was manufactured. Under Washington law, a product is presumed to be past its useful safe life when it causes injury more than 12 years after delivery to its first purchaser, but the claimant may rebut that presumption by a preponderance of the evidence. RCW 7.72.060.

At Lisby's request, the court amended the order of dismissal to add a condition requiring PACCAR to stipulate to application of the Washington statute of repose, chapter 7.72 RCW, in the Texas proceeding. The court order stated, "All other choice of law issues will be addressed to the Texas court."

PACCAR did not consent to the new condition. PACCAR claims the court exceeded its discretionary powers by requiring a stipulation to a choice of law as a condition of dismissal. That issue is before us on discretionary review.

Forum non conveniens dismissals are reviewed for abuse of discretion. Sales v. Weyerhaeuser Co., 163 Wn.2d 14, 19, 177 P.3d 1122 (2008). An

3

untenable legal conclusion is an abuse of discretion. <u>Sales</u>, 163 Wn.2d at 19.

Deciding which statute of repose will apply to Lisby's claim requires a choice of law analysis. Ordinarily, it is the alternative forum that determines the applicable law after assuming jurisdiction. <u>Spider Staging</u>, 87 Wn.2d at 579; <u>Myers v. Boeing Co.</u>, 115 Wn.2d 123, 136, 794 P.2d 1272 (1990). Choice of law is "not a necessary element of forum non conveniens doctrine." <u>Hill v. Jawanda Trans., Ltd.</u>, 96 Wn. App. 537, 546, 983 P.2d 666 (1999). "At most, resolution of a choice of law question informs, but does not govern a trial court's forum non conveniens dismissal." <u>Hill</u>, 96 Wn. App. at 546, citing <u>Gulf Oil</u>, 330 U.S. at 509.

Preliminary consideration of a choice of law issue may be informative because one of the <u>Gulf Oil</u> factors is the appropriateness of having the trial "in a forum that is at home with the state law that must govern the case." <u>Gulf Oil</u>, 330 U.S. at 509. For example, in a case involving a Boeing aircraft that crashed in Japan, the court recognized that at least some of the damages issues would be governed by Japanese law. <u>Myers</u>, 115 Wn.2d at 130. "The Japanese courts' expertise in applying their own law, while not a factor of paramount importance, favors dismissal." <u>Myers</u>, 115 Wn.2d at 130.

Unlike <u>Myers</u>, this is not a case where a preliminary determination of choice of law allowed the trial court to weigh the relative expertise of Texas and Washington courts in applying the law that would govern. Neither PACCAR nor Lisby asked the trial court to engage in a choice of law analysis, and there is no indication that the trial court did so.

4

"The general authority is that statutes of repose are to be treated not as statutes of limitation, but as part of the body of a state's substantive law in making choice-of-law determinations." Rice v. Dow Chem., 124 Wn.2d 205, 212, 875 P.2d 1213 (1994). Washington will apply the statute of repose of a nonforum state when appropriate, "even where such application would bar plaintiff's claim from accruing and where plaintiff's claim would not have been barred under forum law." Rice, 124 Wn.2d at 216. Therefore, if choice of law analysis dictates application of the Texas statute of repose to this dispute, presumably the Texas statute will be applied whether the case is tried in Texas or Washington.

Lisby thus does not defend the condition on the basis that the Washington statute of repose represents the correct choice of law. Her position, fundamentally, is that trial courts have the discretion to impose a particular choice of substantive law as a condition of dismissal.

As a general proposition, a court that has assumed jurisdiction may attach conditions to the removal of the cause to a more convenient forum. Sales, 163 Wn.2d at 21, citing Int'l Sales & Lease, Inc. v. Seven Bar Flying Serv., Inc., 12 Wn. App. 894, 899, 533 P.2d 445 (1975). The ability to attach conditions serves the need for retaining the flexibility of the forum non conveniens doctrine. See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 249, 102 S. Ct. 252, 70 L. Ed. 2d 419 (1981).

In Sales, the court approved in concept the requirement of a stipulation that the defendant actually submit to jurisdiction in an Arkansas state court rather

than requesting removal to federal court once in Arkansas. The stipulation would ensure that the dispute would actually be litigated in the specific court that the defendant had identified as the more convenient forum. Sales, 163 Wn.2d at 21-23.

Conditions can also be appropriate when they resolve doubts about whether the alternative forum is truly a more convenient forum for the litigation. Sales, 163 Wn.2d at 23. For example, this court affirmed a dismissal conditioned on a defendant's admission of liability in Klotz v. Dehkhoda, 134 Wn. App. 261, 269, 141 P.3d 67 (2006), review denied, 160 Wn.2d 1014 (2007). Klotz involved a car crash that occurred in Washington. Most damage witnesses were in Canada. By conditioning dismissal upon the defendant's admission of liability, the trial court ensured that there would be no problem with access to evidence, one of the Gulf Oil private interest factors. See Gulf Oil, 330 U.S. at 508 (court must consider private interests such as the cost of obtaining witnesses, "and all other practical problems that make trial of a case easy, expeditious and inexpensive"). Similarly, the court conditioned dismissal upon the defendant's agreement to provide records relevant to the plaintiff's claims in Carijano v. Occidental Petroleum Corp., 643 F.3d 1216, 1235 (9th Cir. 2011), cert. denied, 133 S. Ct. 1996 (2013). This condition was designed to mitigate a concern that the plaintiff's access to evidence would be reduced in the alternative forum.

The condition at issue here—PACCAR's stipulation to the Washington statute of repose—was not designed to mitigate any particular concern about the

inconvenience of litigating in Texas. Lisby claims the condition is necessary to ensure that Texas is an adequate forum.

Whether the proposed alternative forum is adequate is a preliminary determination that a court should make before weighing the Gulf Oil factors. An alternative forum is adequate if trial in the alternative forum would address "'the essential subject matter of the dispute.'" Hill, 96 Wn. App. at 542, quoting Capital Currency Exch., N.V. v. Nat'l Westminster Bank PLC, 155 F.3d 603, 611 (2d Cir. 1998), cert. denied, 526 U.S. 1067 (1999). The possibility that moving the case to a more convenient alternative forum will result in an unfavorable change in the law is not a factor to be given substantial weight unless the remedy provided by the alternative forum is "so clearly inadequate or unsatisfactory that it is no remedy at all." Piper Aircraft, 454 U.S. at 254, cited in Hill, 96 Wn. App. at 543.

It is the rare case where the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is "'no remedy at all.'" Hill, 96 Wn. App. at 541, citing Piper Aircraft, 454 U.S. at 254. When the court in Piper Aircraft referred to the possibility of rejecting an alternative forum because it provided "no remedy at all," the court had in mind a forum in which the subject matter of the litigation could not be litigated. See Piper Aircraft, 454 U.S. at 254 n.22, citing Phoenix Canada Oil Co. v. Texaco, Inc., 78 F.R.D. 445 (D. Del. 1978). In the cited case, it was unclear whether the tribunal in the alternative forum—Ecuador—would hear the case, "and there is no generally codified Ecuadorean legal remedy for the unjust enrichment and tort claims asserted."

7

Piper Aircraft, 454 U.S. at 254-55 n.22.

This is not the rare case of an alternative forum that cannot provide a satisfactory remedy. Courts in Texas routinely hear product liability claims. There is no reason to believe Texas would be unable to provide a remedy to Lisby if she prevails. Assuring the plaintiff of a forum that can address the essential subject matter of the dispute and provide a remedy should not be confused with attaching conditions to make it more likely that the plaintiff will obtain a favorable decision on a choice of law issue. Texas is an adequate forum for Lisby's claim regardless of which statute of repose a Texas court may decide to apply.

Lisby emphasizes that the trial court also conditioned the order of dismissal upon PACCAR's agreement to waive the statute of limitations. She argues that there is no principled distinction between a condition that requires a defendant to waive a statute of limitations and a condition that requires a defendant to waive a statute of repose.

Because PACCAR has not objected to waiving the statute of limitations, the propriety of that condition is not before us. We note, however, that there are numerous cases where courts have conditioned dismissal upon the defendant's agreement to waive the statute of limitations in the alternative forum. See, e.g., Myers, 115 Wn.2d at 127; Paper Operations Consultants Int'l, Ltd. v. S.S. Hong Kong Amber, 513 F.2d 667, 672-73 (9th Cir. 1975). Typically, the reason for requiring such a waiver is that the statute of limitations in the foreign forum may

have run while the action was pending in the plaintiff's chosen forum. As a consequence of delays inherent in litigation, the defendant may have acquired "an airtight defense of untimeliness in the alternative forum since the litigation began." Chang v. Baxter Healthcare Corp., 599 F.3d 728, 736 (7th Cir.), cert. denied, 131 S. Ct. 322 (2010).

Here, the lapse of time while this case has been pending in Washington has not contributed to the possibility that Lisby's claim will be barred by the Texas statute of repose. The potential bar of the Texas statute of repose depends solely on the choice of law question that will be decided by the forum court. Requiring PACCAR to agree in advance to application of the Washington statute gives Lisby what the Chang court referred to as "a gratuitous substantive advantage." Chang, 599 F.3d at 737.

In short, a court's authority to impose conditions on a forum non conveniens dismissal is not unlimited. Here, the trial court's choice of Washington's statute of repose as the applicable law does not solve any problem with the adequacy or convenience of Texas as a forum. Its only effect is to impose Washington substantive law on the courts of Texas. An order dismissing a case on forum non conveniens grounds is not to be used as a vehicle for extending the reach of Washington's substantive law.[1] The trial court abused its

---

[1] See Thomas Orin Main, *Toward a Law of "Lovely Parting Gifts": Conditioning Forum Non Conveniens Dismissals*, 18 SW. J. INT'L L. 475 (2011) (inquiring into sources of authority for placing conditions on forum non conveniens dismissals and, at 493-94, noting cases where reviewing courts found the conditions went too far).

discretion by imposing the condition.

Reversed. The order of dismissal is remanded, and the trial court is directed to strike the challenged condition.

_____
Becker, J.

WE CONCUR:

_____      _____