**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| MARI KUSADA, HAO LIU, RENGUI YUAN, WEIPING LIU, KAITONG CHEN, YAN LIU, HUI ZENG, FEI YU, XI HUANG, XIAOBO "JEAN-PAUL" CHEN, CHUNFA YANG, and GUOYANG YU,<br><br>Appellants,<br><br>v.<br><br>JIALIN NIU, TROY MCBRIDE, DONG WANG, CHUN ZHANG, SONGBAI WAN, JUNNING CHEN, ZHIYANG GU, Individuals; N&M MANAGEMENT LLC, NIU ENTERPRISES LLC, NIU ENTERPRISES II LLC, NIU ENTERPRISES III LLC, NIU BEL-RED MEDICAL LLC, NIU MEDICAL BUILDING LLC, NIU SQUARED LLC, NIU ENTERPRISES U VILLAGE LLC, NIU ENTERPRISES KIRKLAND LLC, KUNG FU PANDA LLC, 3660 FAIRWEATHER LLC, 3654 FAIRWEATHER LLC, 1632 MEDICAL BUILDING LLC, 1700 MEDICAL BUILDING LLC, NIU WORLD HOTEL ENTERPRISES LLC, Washington Limited Liability Companies; NIU WORLD ENTERPRISES, LTD., a Washington For Profit Corporation; and DOES 1-10,<br><br>Respondents. | No. 85883-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

FELDMAN, J. — Plaintiffs appeal the trial court's orders dismissing their fraud claim against Jialin Niu, who they allege perpetrated a Ponzi scheme in China.[1] We affirm the trial court's ruling dismissing the claim on forum non conveniens grounds and vacate its rulings dismissing the claim on other grounds.

I

Niu is a United States citizen who moved from Seattle, Washington to China in the mid-1980s. Around 2006, Niu and Troy McBride founded a financial education company in Shenzhen, China that they branded as "Golden Sun." Through Golden Sun, Niu and others taught classes on finance, business, and investing. Plaintiffs each began attending Golden Sun courses in China between 2010 and 2014. Plaintiffs claim they were recruited by Niu and others, upon completion of introductory courses, to invest substantial sums in Golden Sun's Real Estate Investment Trust and affiliated entities. Lastly, Plaintiffs claim that by 2015 many Golden Sun participants had stopped receiving payments in connection with their investments. In February 2015, Niu relocated from China to Seattle.

Five years later, in February 2020, Plaintiffs filed this action in King County Superior Court asserting fraud and unjust enrichment claims against Niu and numerous other individuals and entities allegedly associated with Golden Sun. In response, Defendants filed a motion to dismiss on forum non conveniens grounds. After a hearing, the trial court denied Defendants' motion because "Plaintiffs have

---

[1] As used herein, "Plaintiffs" refers to Mari Kusada, Hao Liu, Rengui Yuan, Yan Liu, Weiping Liu, Kaitong Chen, Hui Zeng, Fei Yu, Xi Huang, Xiaobo Chen, Chunfa Yang, and Guoyang Yu. The term "Defendants" refers to Jialin Niu and several other individuals and entities who were previously named in this action but are no longer parties on appeal.

indicated a willingness to provide necessary witnesses and records from China." In May 2023, following discovery regarding Plaintiffs' claims, Defendants filed a renewed motion to dismiss on forum non conveniens grounds, arguing "discovery has now confirmed that the alleged fraudulent conduct occurred in China" and "this is in all fundamental respects a Chinese dispute." This time, the court granted the motion, noting "the evidence now before the Court demonstrate[s] that China is a more appropriate forum for this litigation."

In addition to her renewed motion to dismiss on forum non conveniens grounds, Niu also filed two summary judgment motions in May 2023. In the first such motion, Niu argued the court should dismiss the complaint because Plaintiffs failed to timely file their claims within the applicable three-year limitations period under RCW 4.16.080 after having purportedly "discovered their alleged claims by 2015." In the second such motion, Niu argued "Plaintiffs do not have admissible evidence to support the elements of their claims, and they should be dismissed." Despite having ruled that "China is a more appropriate forum for this litigation," the trial court addressed the merits of these motions and granted them as well.

Plaintiffs appeal.

**II**

Plaintiffs do not assign error to the trial court's rulings with respect to any defendants other than Niu, nor do they assign error to the trial court's rulings with respect to their unjust enrichment claim. Instead, they argue only that the trial court erred in dismissing on forum non conveniens grounds their fraud claim against Niu. We disagree.

**A**

Although there is a presumption in favor of the plaintiff's choice of forum, *Sales v. Weyerhaeuser Co.*, 163 Wn.2d 14, 19, 177 P.3d 1122 (2008), the forum non conveniens doctrine gives trial courts "the discretionary power to decline jurisdiction when the convenience of the parties and the ends of justice would be better served if the action were brought in another forum," *J.H. Baxter & Co. v. Cent. Nat'l Ins. Co. of Omaha*, 105 Wn. App. 657, 661, 20 P.3d 967 (2001). The forum non conveniens analysis is a two-step process in which the trial court must (1) determine "whether an adequate alternative forum exists" and (2) if so, "consider and balance various private and public interest factors." *Klotz v. Dehkhoda*, 134 Wn. App. 261, 265, 268, 141 P.3d 67 (2006). We review a trial court's dismissal on forum non conveniens grounds for abuse of discretion and will not disturb the trial court's decision unless it is "manifestly unfair, unreasonable, or untenable." *J.H. Baxter*, 105 Wn. App. at 661.

Regarding the first step in the forum non conveniens analysis, "an alternative forum is adequate so long as some relief, regardless how small, is available should the plaintiff prevail." *Klotz*, 134 Wn. App. at 265. Plaintiffs do not dispute that China is an adequate alternative forum. Consistent with this implied concession, the record confirms some relief is available to Plaintiffs should they prevail in China. Plaintiff Fei Yu successfully sued two entities related to Golden Sun in a Chinese court for breach of a loan contract, and the court later ordered one of these entities to sell real estate at auction to pay its judgment creditors. And Plaintiff Mari Kusada's son and sister both obtained arbitration awards against

- 4 -

another entity affiliated with Golden Sun with whom they had invested funds. Niu also submitted below a declaration from an attorney practicing in China who confirmed the country "has a sophisticated legal system with a robust body of law governing shareholder and investor relationships," that "a shareholder may potentially seek civil remedies for claims under theories of fraud/misrepresentation and/or breach of contract," and that Plaintiffs "could assert similar claims in a court in China" compared to the claims they have filed in the United States. Accordingly, the trial court did not abuse its discretion in finding that China is an adequate alternative forum.[2]

Regarding the second step in the forum non conveniens analysis, the trial court appropriately balanced the pertinent private and public interest factors. The private interest factors concern "the convenience of the litigants." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, 102 S. Ct. 252, 70 L. Ed. 2d 419 (1981). They include the following:

> [T]he relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Myers v. Boeing Co.*, 115 Wn.2d 123, 128, 794 P.2d 1272 (1990) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S. Ct. 839, 91 L. Ed. 1055 (1947)). The

---

[2] Federal courts have likewise determined that China may offer an adequate alternative forum for purposes of forum non conveniens. *See Jiali Tang v. Synutra Int'l, Inc.*, 656 F.3d 242, 246 (4th Cir. 2011) (China was "an available, adequate, and more convenient forum to redress Plaintiffs' grievances" regarding contaminated infant formula); *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 427, 435-36, 127 S. Ct. 1184, 167 L. Ed. 2d 15 (2007) (agreeing with the district court's "well-considered *forum non conveniens* appraisal" that a negligent misrepresentation case "could be adjudicated adequately and more conveniently in Chinese Courts").

public interest factors concern the "convenience of the forum." *Piper Aircraft*, 454 U.S. at 241. They are described as follows:

> Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

*Myers*, 115 Wn.2d at 129 (quoting *Gulf Oil*, 330 U.S. at 508-09). Because forum non conveniens is a flexible doctrine, no one factor is dispositive to the analysis, and each case turns on its specific facts. *Hill v. Jawanda Transp. Ltd.*, 96 Wn. App. 537, 543, 983 P.2d 666 (1999).

The record supports the trial court's finding that the private interest factors weigh in favor of dismissal. Niu's theory of the case is that, to the extent Plaintiffs' monetary losses on their investments and loans did not result from their own poor financial decision-making, other persons affiliated with Golden Sun—not Niu— were responsible for these losses. The documentary and testimonial evidence Niu needs to support this theory can be obtained more readily in China than in Washington. The trial court found—and Plaintiffs concede on appeal—that these non-party witnesses cannot be compelled to attend a trial in Washington or be deposed because subpoenas from United States courts are not valid in China. While some of these witnesses may voluntarily testify remotely from China, the

trial court correctly observed that live trial testimony is preferable in fraud cases.[3] Moreover, even if the evidence could be obtained, a trial here would require extensive and costly translation services, as tens of thousands of pages of documents would need to be accurately translated from Mandarin Chinese into English.[4]

The record also supports the trial court's finding that the public interest factors similarly weigh in favor of dismissal. Niu's attorney submitted a declaration below estimating that a trial on Plaintiffs' claims would last six weeks. Virtually all witnesses (including Niu and all twelve Plaintiffs) would likely testify through interpreters at trial. Additionally, Washington jurors have little connection to this dispute, when considering that no Washingtonians were defrauded and, as Plaintiffs acknowledge on appeal, "much of Niu's misconduct occurred in China" before she relocated to Seattle. While Plaintiffs have alleged some connection to Washington—namely that Niu touted a false backstory about her education and work history in this state to investors, has lived here since 2015, and spoke to some Golden Sun participants about the platform's continuing operations after moving here—these connections are minimal at best. In contrast, the people of China have a much greater interest in resolving this dispute locally to them. The alleged fraud involved tens of thousands of persons who attended classes in China organized by a company founded in China and invested in entities that used their

---

[3] *See also, e.g.*, *Howe v. Goldcorp Inv. Ltd.*, 946 F.2d 944, 952 (1st Cir. 1991) ("Compulsory process would seem especially important where, as here, fraud and subjective intent are elements of the claim, making the live testimony of witnesses for the purposes of presenting demeanor evidence essential to a fair trial.").

[4] The difficulty posed by this language barrier is particularly noteworthy in this case, as both parties moved below to strike dozens of exhibits on the basis that they were not accurately translated from Mandarin Chinese into English.

funds primarily to acquire real estate in China. Golden Sun also has already been subjected to media coverage, governmental investigations, and legal proceedings in China. These unique administrative and local considerations weigh heavily in favor of China as the appropriate forum.

After weighing the private and public interest factors, the trial court found "the balance of factors is strongly in favor of Defendants" and "the convenience of the parties and the ends of justice would be better served if this action was brought and tried in China." Because the trial court considered all relevant private and public interest factors and its balancing of these factors was reasonable, its forum non conveniens ruling is accorded substantial deference. *Sandhu Farm Inc. v. A&P Fruit Growers Ltd.*, 25 Wn. App. 2d 577, 589, 524 P.3d 209 (2023). And as discussed above, it is undisputed that China is an adequate alternative forum. On this record, the trial court's dismissal of Plaintiffs' fraud claim against Niu on forum non conveniens grounds is not manifestly unfair, unreasonable, or untenable. *See J.H. Baxter*, 105 Wn. App. at 661.

**B**

Notwithstanding the above analysis, Plaintiffs argue the forum non conveniens doctrine is inapplicable because they did not file suit in Washington for the purpose of harassing Niu, who currently resides here. This argument fails in light of our Supreme Court's recognition that "[a] finding of harassment is not necessary for dismissal" on forum non conveniens grounds. *Myers*, 115 Wn.2d at 134. Instead, the overriding focus is whether "'the convenience of the parties and the ends of justice would be better served if the action were brought and tried in

another forum.'" *Id.* (quoting *Johnson v. Spider Staging Corp.*, 87 Wn.2d 577, 579, 555 P.2d 997 (1976)). As discussed above, adjudicating this case in China would better serve those primary purposes, even though Niu currently resides in Washington. *See id.* (Washington was an inconvenient forum despite defendant being a corporation with its principal place of business in this state).

Next, Plaintiffs argue the trial court's forum non conveniens analysis is flawed because it "did not consider the enormous efforts and resources already expended in discovery over the past four years *at all*." This argument ignores the language in the trial court's dismissal order addressing Plaintiffs' discovery-related arguments. The order notes that the court denied Defendants' initial forum non conveniens motion filed in May 2020 because "[a]t that time, Plaintiffs stated they would make evidence available and that relevant information was located in the United States." But the order then states that "more information is now available to the Court" following "significant discovery since then" and, as a result, "the evidence now before the Court demonstrate[s] that China is a more appropriate forum for this litigation." Thus, contrary to Plaintiffs' assertions, the trial court did consider the parties' efforts and resources already expended in discovery.[5]

---

[5] Moreover, the trial court's ruling on this point is consistent with Washington case law, which recognizes that discovery may be "necessary to develop a record in support of" a motion to dismiss for forum non conveniens. *See Klotz*, 134 Wn. App. at 270 n.2 (affirming forum non conveniens dismissal despite plaintiff's argument that defendant waived the issue by participating in discovery). While we acknowledged in *Klotz* that "[t]here may be cases where significant discovery expenses and elapsed time preclude dismissal on forum non conveniens grounds" (*id.*), this is not such a case. Plaintiffs initially avoided dismissal on forum non conveniens grounds by assuring the trial court they were "willing and able to produce evidence here." As noted in section I above, the trial court relied on this representation in denying Niu's first forum non conveniens motion. But subsequent discovery proved that Plaintiffs' assurances were unfounded and, instead, revealed that most of the relevant evidence in this case—including over a hundred previously undisclosed non-party witnesses—is located in China. Because discovery significantly undermined the trial court's justification for denying Niu's initial forum non conveniens motion, the court did not abuse its discretion by granting Niu's renewed motion.

Plaintiffs also contend that Niu has not identified with sufficient particularity how she intends to use discovery available in China to defend herself. Plaintiffs overstate Niu's burden. A defendant seeking dismissal on forum non conveniens grounds need not detail "the witnesses they would call and the testimony these witnesses would provide if the trial were held in the alternative forum." *Piper Aircraft*, 454 U.S. at 258. That is so because a defendant cannot reasonably be expected to identify or interview witnesses located beyond the reach of compulsory process. *Id.* Rather, the defendant need only "provide enough information to enable the [trial court] to balance the parties' interests." *Id.* Here, Niu's attorney submitted a declaration and a witness disclosure identifying, based on information provided by Plaintiffs in their discovery responses, the relevant witnesses located in China that Niu intends to call at trial, any entities with which they are affiliated, and their connections to this case. This information sufficiently enabled the trial court to balance the parties' interests.

Lastly, Plaintiffs assert that dismissal on forum non conveniens grounds is unwarranted because Niu "refuses to return to China" and, accordingly, "isn't even willing to go to the alternative forum." In so arguing, Plaintiffs overlook Niu's express offer to submit to the jurisdiction of a Chinese court. In her renewed forum non conveniens motion, Niu requested that the trial court dismiss this case "on the conditions that Defendant[] Niu . . . will (a) accept service from an appropriate Chinese court pursuant to Chinese law; and (b) not assert any statute of limitations defense that arose on or after this action was filed against the Plaintiffs here in any

subsequent action they bring in China."[6] Niu also submitted a declaration from an attorney practicing in China who confirmed that Chinese courts may enter default judgments against defendants who do "not appear to defend" against lawsuits filed against them. Thus, at a minimum, Niu has agreed to be subject to the jurisdiction of a Chinese court and risk a default judgment being entered against her if she does not appear in that forum. And should Plaintiffs obtain a judgment against Niu in a Chinese court, they could seek to have this foreign judgment recognized and enforced in Washington. *See generally Alterna Aircraft V.B. v. SpiceJet Ltd.*, __ Wn. App. 2d. __, 559 P.3d 1026 (2024). Plaintiffs have not established the trial court abused its discretion in dismissing their fraud claim against Niu on forum non conveniens grounds.

## III

Because the trial court did not abuse its discretion in dismissing Plaintiffs' fraud claim against Niu on forum non conveniens grounds, we need not address the trial court's rulings granting Niu's summary judgment motions regarding the statute of limitations and merits of Plaintiffs' fraud claim. Any such grounds for dismissal should appropriately be reserved for disposition in a refiled action in China. We therefore vacate the trial court's rulings dismissing Plaintiffs' fraud

---

[6] While the trial court did not include these conditions in its dismissal order, Niu reiterated these conditions on appeal. When asked at oral argument whether Niu would abide by her previous stipulation, Niu's counsel stated, "That is the specific relief that we asked for below, and we're not going to disagree with that now." Wash. Ct. of Appeals oral argument, *Kusada v. Niu*, No. 85883-1-I (Feb. 27, 2025), at 14 min., 41 sec. to 14 min., 46 sec. (on file with court). Our Supreme Court has similarly held "[i]f the court determines that the alternative jurisdiction offers a more convenient forum for the litigation of the case, then it may dismiss the action "'*subject to a stipulation that the defendant submit to jurisdiction in a more convenient forum.*'"" *Sales*, 163 Wn.2d at 21 (emphasis added) (quoting *Myers*, 115 Wn.2d at 128) (quoting *Werner v. Werner*, 84 Wn.2d 360, 370, 526 P.2d 370 (1974)). "The stipulation requirement gives meaning to the court's determination that a specific forum offers a better location for the litigation of the case." *Id.*

claim against Niu on these other grounds.[7]  Consistent with the trial court's forum non conveniens ruling and Niu's stipulation at oral argument (*see* footnote 6 above), this case may properly proceed, if at all, in the courts of China.

Feldman, J.

WE CONCUR:

_____

_____

_____

[7] Both parties acknowledged at oral argument in this case that the trial court's summary judgment orders should be vacated if we affirm its forum non conveniens dismissal order.  Wash. Ct. of Appeals oral argument, *Kusada v. Niu*, No. 85883-1-I (Feb. 27, 2025), at 7 min., 40 sec. to 7 min., 53 sec. and 13 min., 15 sec. to 13 min., 54 sec. (on file with court).  Courts have similarly so held. *See, e.g., Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 427, 431-32, 127 S. Ct. 1184, 167 L. Ed. 2d 15 (2007) (noting that a dismissal short of reaching the merits, such as a forum non conveniens dismissal, "means that the court will not proceed at all to an adjudication of the cause") (internal quotation marks omitted); *Courboin v. Scott*, 596 F. App'x 729, 735 (11th Cir. 2014) (vacating portion of district court's order dismissing a claim under FRCP 12(b)(6) because it should not have addressed the merits of plaintiff's claims after concluding it lacked personal jurisdiction); *Troni v. Banca Popolare Di Milano*, 129 A.D.2d 502, 504 (N.Y. App. Div. 1987) (holding lower court "should not have addressed the merits once it dismissed the action on forum non conveniens grounds" because "[h]aving found New York to be an inappropriate forum, the merit or lack thereof of the action is best reserved for the courts of Italy").